PEOPLE v FRANKLIN

Docket No. 296591. Submitted June 12, 2012, at Lansing. Decided
    November 15, 2012, at 9:10 a.m.

    John S. Franklin pleaded no contest in the Saginaw Circuit Court to
        charges of aggravated indecent exposure, MCL 750.335a(1) and
        (2)(b), and indecent exposure, MCL 750.335a(1) and (2)(a). The court,
        Fred L. Borchard, J., sentenced defendant as a fourth-offense ha-
        bitual offender to 34 months to 15 years in prison for the aggravated
        indecent exposure conviction and, as a sexually delinquent person
        under MCL 750.335a(2)(c), to one day to life in prison for the indecent
        exposure conviction. Defendant filed a delayed application for leave to
        appeal, which the Court of Appeals denied in an unpublished order
        entered on March 24, 2010. Defendant sought leave to appeal in the
        Supreme Court. In lieu of granting leave to appeal, the Supreme
        Court remanded the case to the Court of Appeals for consideration as
        on leave granted. 490 Mich 871 (2011).

        The Court of Appeals *held*:

        1. Under MCL 750.335a(2)(c), a person convicted of indecent
        exposure is subject to an indeterminate sentence of one day to a
        maximum of life in prison if he or she was a sexually delinquent
        person at the time of the offense. MCL 750.10a defines a sexually
        delinquent person as any person whose sexual behavior is character-
        ized by repetitive or compulsive acts which indicate a disregard of
        consequences or the recognized rights of others, or by the use of force
        upon another person in attempting sex relations of either a hetero-
        sexual or homosexual nature, or by the commission of sexual aggres-
        sions against children under the age of 16. MCL 767.61a states that
        when a defendant pleads guilty to charges of both indecent exposure
        and being a sexually delinquent person, the court must conduct an
        examination of witnesses relative to the sexual delinquency of the
        person. This examination may take place at the plea hearing or later.
        Entering a plea of no contest is tantamount to an admission of guilt.
        In this case, defendant pleaded no contest to a two-count felony
        information charging him with aggravated indecent exposure and
        indecent exposure under circumstances subjecting him to alternative

sentencing as a sexually delinquent person, but the trial court erred by failing to hold a hearing regarding defendant's status as a sexually delinquent person.

2. The United States and Michigan Constitutions both protect an individual from being placed twice in jeopardy for the same offense. The protections afforded by the double jeopardy bar include the prevention of multiple punishments for the same conduct. Whether a defendant has received multiple punishments for the same conduct is generally determined under the same-elements test, which requires the reviewing court to determine whether each statute requires proof of a fact that the other does not. Yet, there is no double jeopardy violation if the legislative intent clearly authorizes cumulative or multiple punishments. When one statute incorporates most of the elements of a base statute and adds an aggravating conduct element with an increased penalty compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes. The offense of indecent exposure does not contain any elements that are distinct from the offense of aggravated indecent exposure. Because the Legislature has not expressed a clear intent to permit multiple punishments for the same conduct under the indecent exposure statute, defendant could not be convicted of both offenses. The appropriate remedy was to vacate the lower charge and affirm the higher conviction.

Conviction of indecent exposure and sentencing enhancement arising from the finding that defendant was a sexually delinquent person vacated; conviction of aggravated indecent exposure affirmed.

1. CRIMINAL LAW — INDECENT EXPOSURE — SEXUALLY DELINQUENT PERSON — HEARING REQUIRED.

Under MCL 750.335a(2)(c), a person convicted of indecent exposure is subject to an indeterminate sentence of one day to a maximum of life in prison if the defendant was a sexually delinquent person at the time of the offense; MCL 750.10a defines a sexually delinquent person as any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16; MCL 767.61a states that when a defendant pleads guilty to charges of both indecent exposure and being a sexually delinquent person, the court must conduct an examination of witnesses relative to the sexual delinquency of the person; this examination may take place at the plea hearing or later.

2. CONSTITUTIONAL LAW — CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS — INDECENT EXPOSURE — AGGRAVATED INDECENT EXPOSURE.

The United States and Michigan Constitutions both protect an individual from being placed twice in jeopardy for the same offense; the protections afforded by the double jeopardy bar include the prevention of multiple punishments for the same conduct; whether a defendant has received multiple punishments for the same conduct is generally determined under the same-elements test, which requires the reviewing court to determine whether each statute requires proof of a fact that the other does not; there is, however, no double jeopardy violation if the legislative intent clearly authorizes cumulative or multiple punishments; when one statute incorporates most of the elements of a base statute and adds an aggravating conduct element with an increased penalty compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes; the offense of indecent exposure does not contain any elements that are distinct from the offense of aggravated indecent exposure and a defendant may not be convicted of both offenses for the same conduct (US Const, Am V; Const 1963, art 1, § 15; MCL 750.335a).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Randy L. Price*, Assistant Prosecuting Attorney, for the people.

*Daniel D. Bremer* for defendant.

Before: BECKERING, P.J., and FITZGERALD and STEPHENS, JJ.

PER CURIAM. In lieu of granting leave to appeal, the Michigan Supreme Court remanded this case to this Court "for consideration as on leave granted." *People v Franklin*, 490 Mich 871 (2011).[1] Defendant entered a

---

[1] Defendant had filed a delayed application for leave to appeal, which this Court had denied on March 24, 2010. *People v Franklin*, unpublished order of the Court of Appeals, entered March 24, 2010 (Docket No. 296591).

plea of *nolo contendere* to charges of aggravated indecent exposure, MCL 750.335a(1) and (2)(b), and indecent exposure, MCL 750.335a(1) and (2)(a). The trial court sentenced defendant as a habitual offender, fourth offense, MCL 769.12, to 34 months to 15 years in prison for the aggravated indecent exposure and, as a sexually delinquent person under MCL 750.335a(2)(c), to one day to life in prison for the indecent exposure. We vacate defendant's indecent exposure conviction and the finding of sexual delinquency and affirm defendant's aggravated indecent exposure conviction.

First we find that the trial court erred by sentencing defendant as a sexually delinquent person without first holding a hearing to determine if defendant was sexually delinquent. A trial court's general conduct of trial is reviewed for an abuse of discretion. See *People v Romano*, 181 Mich App 204, 220; 448 NW2d 795 (1989); *People v Collier*, 168 Mich App 687, 698; 425 NW2d 118 (1988). To the extent that resolution of this issue involves a matter of statutory interpretation, review is de novo. *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009). The trial court's findings of fact are reviewed for clear error. *Id.*

MCL 750.335a(2)(c) provides that a person convicted of indecent exposure is subject to an indeterminate sentence of one day to a maximum of life if the defendant was a "sexually delinquent person" at the time of the offense. MCL 750.10a defines "sexually delinquent person" as

> any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16.

MCL 767.61a provides, in pertinent part, that when the possibility of adjudicating a defendant as a sexually delinquent person is in issue,

> the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. In every such prosecution the people may produce expert testimony and the court shall provide expert testimony for any indigent accused at his request. *In the event the accused shall plead guilty to both charges in such indictment, the court* in addition to the investigation provided for in [MCL 768.35][2], and *before sentencing the accused, shall conduct an examination of witnesses relative to the sexual delinquency of such person* and may call on psychiatric and expert testimony. All testimony taken at such examination shall be taken in open court and a typewritten transcript or copy thereof, certified by the court reporter taking the same, shall be placed in the file of the case in the office of the county clerk. Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense. [Emphasis added.]

In *People v Helzer*, 404 Mich 410, 419; 273 NW2d 44 (1978), overruled on other grounds by *People v Breidenbach*, 489 Mich 1, 3-4 (2011), our Supreme Court concluded that under MCL 767.61a, "[e]ven where

---

[2] MCL 768.35 provides as follows:

　　Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed.

defendant pleads guilty, the court is ordered to separately investigate the charge of sexual delinquency." *Helzer* further directed that if a defendant pleads to both the principal and delinquency charges, the court's consideration of the latter "should be conducted under a procedure equivalent to that used where a jury decides the sexual delinquency question." *Id.* at 419 n 15. *Breidenbach*, 489 Mich at 18, overruled *Helzer* to the extent that it had held that pursuant to MCL 767.61a, separate juries are required to determine a defendant's guilt of the underlying charge and the charge of being a sexually delinquent person. Our Supreme Court in *Breidenbach* observed that "MCL 767.61a *only* calls for a separate hearing in regards to sexual delinquency '[i]n the event the accused shall plead guilty . . . .' " *Breidenbach*, 489 Mich at 10 (citation omitted).

Entering a plea of *nolo contendere* is "an admission of all the essential elements of a charged offense and, thus, is tantamount to an admission of guilt for the purposes of the criminal case." *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004). In this case, defendant answered affirmatively to the court's question concerning whether he was "entering a no contest plea." The two-count felony information charged defendant with one count of aggravated indecent exposure and one count of indecent exposure under circumstances subjecting him to alternative sentencing as a sexually delinquent person. Given those facts, defendant's plea should be understood as an admission of guilt with regard to the indecent exposure charges and the sexually delinquent person charge. The question then becomes whether the process followed by the court before sentencing constituted "a separate hearing in regards to sexual delinquency . . . . " *Breidenbach*, 489 Mich at 10. We conclude that it did not.

The Legislature specifically required that the court conduct an examination regarding sexual delinquency. This examination could have taken place at the plea hearing or later. The prosecution admitted in its brief before this Court that no hearing was conducted. However, the prosecution contends that an examination of criminal history is sufficient to meet the requirement imposed by the Legislature as interpreted by the Court in *Breidenbach*. This defendant's history is disconcerting and replete with convictions for indecent exposure and other sexual misconduct offenses from 1980 until 1998. However, the prosecution's argument would render the sexual-delinquency enhancement automatic for every habitual sexual offender. Certainly the Legislature could have exercised its policymaking authority and provided for automatic enhancement of some sort. It did not. Rather, it required a separate examination, interpreted by the Court to be a hearing. No such hearing occurred in this case. However, as discussed later in this opinion, because of our determination that the underlying conviction for indecent exposure violates the prohibition against double jeopardy and must be vacated, we need not remand for further proceedings. Given that the amended information and the judgment of sentence tied the sexually delinquent person enhancement to the indecent exposure charge and not to the aggravated indecent exposure charge, see MCL 767.61a, there is no conviction to which the sentencing enhancement may now be applied.

Next we address the issue of defendant's convictions of both aggravated indecent exposure and indecent exposure and find that they violate his double jeopardy rights. A claim that a conviction violates the prohibition against double jeopardy presents a question of law that this Court reviews de novo. *People v Artman*, 218 Mich App 236, 244; 553 NW2d 673 (1996).

Both the United States and Michigan Constitutions protect an individual "from being placed twice in jeopardy for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004); US Const, Am V; Const 1963, art 1, § 15. A plea of *nolo contendere* does not waive a defendant's right to claim a double jeopardy violation on appeal. *Artman*, 218 Mich App at 244. The double jeopardy bar prevents (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Nutt*, 469 Mich at 574. In the present case, defendant asserts that he received multiple punishments for the same offense.

Whether a defendant has received multiple punishments for the same offense is "generally determined under the same-elements test, which requires the reviewing court to determine whether each provision requires proof of a fact which the other does not." *People v Strickland*, 293 Mich App 393, 401; 810 NW2d 660 (2011) (quotation marks and citations omitted). Yet there is no double jeopardy violation if the legislative intent clearly authorizes cumulative or multiple punishments. *People v Ford*, 262 Mich App 443, 449; 687 NW2d 119 (2004). The appropriate remedy for multiple punishments in violation of the prohibition against double jeopardy is to vacate the lower charge and affirm the higher conviction. *People v Herron*, 464 Mich 593, 609; 628 NW2d 528 (2001).

MCL 750.335a indicates that an individual is guilty of indecent exposure if the person "knowingly make[s] any open or indecent exposure of his or her person or of the person of another," whereas aggravated indecent exposure requires additional proof that the person "was fondling his or her genitals, pubic area, [or] buttocks . . . . " MCL 750.335a(2)(b). In this case, defen-

dant was convicted of both aggravated indecent exposure and indecent exposure.

Aggravated indecent exposure and indecent exposure are the "same offense" for purposes of double jeopardy. Our conclusion arises from the manner in which 750.335a is written. "[W]here one statute incorporates most of the elements of a base statute and adds an aggravating conduct element with an increased penalty compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes." *People v McKinley*, 168 Mich App 496, 504; 425 NW2d 460 (1988). The offense of indecent exposure does not contain any elements that are distinct from the offense of aggravated indecent exposure. Therefore, because the Legislature has not expressed a clear intent to permit multiple punishments for the same conduct, this defendant cannot be convicted of both offenses. To the extent that the prosecution argues that defendant's convictions do not violate double jeopardy because the indecent exposure conviction required a showing of sexual delinquency, we note that sexual delinquency is not an actual element of that offense. Rather, a finding of sexual delinquency merely allows for an enhancement of the sentence for the indecent exposure offense. If sexual delinquency were an element of the offense, a separate hearing to determine sexual delinquency would not be required in light of a plea of guilty or *nolo contendere*.

We vacate defendant's conviction for indecent exposure and the sentencing enhancement arising from the finding that defendant was a sexually delinquent person and affirm the conviction for aggravated indecent exposure.

BECKERING, P.J., and FITZGERALD and STEPHENS, JJ., concurred.