# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD MICHAEL SIERADZKI,

Defendant-Appellant.

UNPUBLISHED
October 12, 2017

No. 333245
Muskegon Circuit Court
LC No. 14-065435-FC

Before: MURRAY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion for resentencing. We affirm.

Defendant pleaded guilty to aggravated indecent exposure as a sexually delinquent person, MCL 750.335a(2)(b) and (c), and accosting a child for immoral purposes, MCL 750.145a. Defendant admitted that in the summer of 2014, he approached a 14-year-old boy who was doing yard work and asked the boy to masturbate in front of him so that he could watch and get his own pleasure. Defendant also exposed his genitals and fondled them in the boy's presence. The trial court subsequently sentenced defendant to one day to life imprisonment for the aggravated indecent exposure as a sexually delinquent person conviction and 58 months to 15 years' imprisonment for the accosting a child for immoral purposes conviction.

On appeal, defendant argues that contrary to statutory requirements and his right to due process, the trial court convicted and sentenced him as a sexually delinquent person without holding a separate hearing regarding sexually delinquency. We disagree.

MCL 750.335a(2)(c) provides that if a person convicted of indecent exposure "was at the time of the violation a sexually delinquent person," then "the violation is punishable by

---

[1] *People v Sieradzki*, unpublished order of the Court of Appeals, entered August 29, 2016 (Docket No. 333245).

-1-

imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life." A "sexually delinquent person" is

> any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16. [MCL 750.10a.]

MCL 767.61a provides:

> In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. In every such prosecution the people may produce expert testimony and the court shall provide expert testimony for any indigent accused at his request. *In the event the accused shall plead guilty to both charges in such indictment, the court* in addition to the investigation provided for in [MCL 768.35], and *before sentencing the accused, shall conduct an examination of witnesses relative to the sexual delinquency of such person* and may call on psychiatric and expert testimony. All testimony taken at such examination shall be taken in open court and a typewritten transcript or copy thereof, certified by the court reporter taking the same, shall be placed in the file of the case in the office of the county clerk. . . . [Emphasis added.]

When a defendant pleads guilty to committing an offense as a sexually delinquent person, MCL 767.61 requires the trial court to conduct an examination, which the Supreme Court has interpreted as a hearing, either at the plea hearing or later, regarding sexually delinquency. *People v Franklin*, 298 Mich App 539, 545; 828 NW2d 61 (2012).

Waiver is "the intentional relinquishment or abandonment of a known right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citations omitted). A stipulation constitutes a waiver of any alleged error. *People v Eisen*, 296 Mich App 326, 328; 820 NW2d 229 (2012); see also *People v Riley*, 465 Mich 442, 449; 636 NW2d 514 (2001) ("When a court proceeds in a manner acceptable to all parties, it is not resolving a disputed point and thus does not ordinarily render a ruling susceptible to reversal."). At the plea hearing, the prosecutor and defense counsel stipulated that the trial court could use police reports regarding interviews of defendant's past

victims to establish the factual basis for the sexual delinquency charge. Defense counsel's stipulation constituted a waiver of the trial court's alleged error in failing to hold a separate hearing regarding sexual delinquency; consequently, there is no error for us to review. *Kowalski*, 489 Mich at 503; *Eisen*, 296 Mich App at 328-329.[2]

Defendant also argues that defense counsel was ineffective for not objecting to the trial court's failure to hold a separate hearing regarding sexual delinquency before sentencing him as a sexually delinquent person. We disagree. Because no *Ginther*[3] hearing has been held, our review is limited to errors apparent on the record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). In addressing an ineffective assistance claim, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002) (quotation marks and citation omitted). "[T]his Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Defendant has failed to overcome the strong presumption that defense counsel's conduct was sound strategy. *LeBlanc*, 465 Mich at 578. At the plea hearing, defense counsel told the trial court that she stipulated to the use of the police reports as "a matter of strategy and tactics." Indeed, the stipulation voided the prosecutor's need to bring in defendant's past victims and present detailed testimony regarding what defendant had done to them. It allowed the trial court to use a paper record to determine defendant's sexual delinquency status, and the paper record was then sealed and ordered opened solely by court order, thereby limiting the amount of information regarding defendant's past crimes that was publicly available. Defense counsel's decision was not objectively unreasonable. *Trakhtenberg*, 493 Mich at 51.

Furthermore, defendant fails to establish that but for defense counsel's stipulation, there is a reasonable probability that the outcome would have been different. See *id*. The record does not establish that had defense counsel insisted that the trial court hold a separate hearing regarding sexually delinquency, defendant would not have been convicted and sentenced as a

---

[2] To the extent that defendant argues the police reports were insufficient for the trial court to find that he was a sexually delinquent person in 2014, we find the argument without merit. Where the reports indicated that defendant had committed sexual crimes against numerous male children and where defendant admitted that he exposed his genitals to the 14-year-old boy, the trial court's finding that defendant was a sexually delinquent person in 2014 was not clearly erroneous. *People v Everard*, 225 Mich App 455, 458; 571 NW2d 536 (1997).

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

sexually delinquent person.

We affirm.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Jane E. Markey