*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RAFAEL VERNIER BEAN,

      Defendant-Appellant.

UNPUBLISHED
October 15, 2019

No. 343827
Marquette Circuit Court
LC No. 17-055463-FH

Before: STEPHENS, P.J., and SERVITTO and KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of aggravated indecent exposure, MCL 750.335a(2)(b), by a sexually delinquent person, MCL 750.335a(2)(c). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to a prison term of one day to life. We affirm.

## I. BACKGROUND

The trial was bifurcated. The jury first heard testimony regarding a single instance of indecent exposure that occurred on August 4, 2016. After defendant was found guilty of aggravated indecent exposure, the same jury found defendant guilty of being a sexually delinquent person. In the first phase of the trial, the sergeant testified first that on August 4, the defendant, a prisoner at Marquette Branch prison, placed his erect penis in the cell bars and masturbated as he attempted to engage her in conversation. She also testified that he had done so nearly every day over the period of 17 or 18 months that defendant was at the prison. In the second phase of the trial, five other female prison workers testified that defendant would stand on his footlocker and masturbate in front of them, while making eye contact and engaging in conversation with them, and that he did not attempt to cover himself or turn away.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred in allowing the admission of other-acts evidence in the second phase of the trial because the other acts occurred prior to the charged

offense and because the other-acts evidence constituted improper propensity evidence that was unduly prejudicial. We disagree.

This issue was first addressed at a pretrial hearing addressing the prosecution's notice of intent to introduce other-acts evidence under MRE 404(b). At that hearing, defense counsel argued that the other-acts evidence should not be admitted under MRE 404(b) because the jury would consider the evidence for an improper propensity purpose. Defense counsel did not object to admission of the evidence on the ground that the other-acts evidence was more prejudicial than probative under MRE 403. Thus, only the 404(b) issue is preserved. With respect to defendant's preserved argument that the evidence was admitted for an improper purpose, "we review a trial court's decision to admit evidence for an abuse of discretion, but review de novo preliminary questions of law, such as whether a rule of evidence precludes admissibility." *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). An abuse of discretion exists if a trial court's decision falls outside the range of principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). An evidentiary error only merits reversal where, after an examination of the entire record, "it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999); see also MCL 769.26. The 403 argument, on the other hand, is unpreserved. Therefore, the defendant may only obtain relief if "1) error . . . occurred, 2) the error was plain, i.e. clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); see also MRE 103(d). Under the third prong, defendant must show that the error was prejudicial, meaning "the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763. Reversal based on plain error is only warranted "when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id.* at 763 (quotation marks and citation omitted; alteration in original).

Generally, relevant evidence is admissible. MRE 402; *People v Roper*, 286 Mich App 77, 91; 777 NW2d 483 (2009). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Even if evidence is relevant under MRE 401, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" MRE 403. Under MRE 403, the court must balance a variety of factors, including the time necessary to present the evidence, whether the evidence is unnecessarily cumulative, how probative the evidence is, the importance of the evidence to prove the fact sought to be proved, whether the evidence would confuse or mislead the jury, and whether there is an alternate and less harmful way to prove the fact sought to be proved. *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).

Despite its relevancy, evidence of a person's character is generally inadmissible to prove a defendant acted in accordance with that character on a particular occasion. MRE 404(a). However, evidence of other acts may be admissible under MRE 404(b)(1) for a nonpropensity purpose, "such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act[.]" MRE 404(b)(1). MRE 404(b) is inclusionary rather than exclusionary. *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010) ("Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character. Evidence is *inadmissible* under this rule *only* if it is relevant *solely* to the defendant's character or

criminal propensity."). Evidence of other acts is admissible under MRE 404(b) if (1) it is offered for a proper purpose; (2) it is relevant under MRE 402; and (3) its probative value is not substantially outweighed by the danger of unfair prejudice under MRE 403. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).

"A trial court admits relevant evidence to provide the trier of fact with as much useful information as possible." *People v Cameron*, 291 Mich App 599, 612; 806 NW2d 371 (2011). Evidence of other acts of misconduct similar to the charged act "is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). "Logical relevance is not limited to circumstances in which the charged and uncharged acts are part of a single continuing conception or plot." *Id.* at 64. Instead, evidence is relevant when a defendant uses a plan or scheme "repeatedly to perpetrate separate but very similar crimes." *Id.* at 63 (quotation marks and citation omitted).

General similarity is not sufficient alone to establish a common plan or scheme—there "must be *such a concurrence of common features* that the charged acts and the other acts are logically seen as a part of a general plan, scheme, or design." *People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009). Evidence of the uncharged acts "needs only to support the inference that the defendant employed the common plan in committing the charged offense." *People v Hine*, 467 Mich 242, 253; 650 NW2d 659 (2002).

Defendant was charged with aggravated indecent exposure by a sexually delinquent person. Aggravated indecent exposure occurs where "[a] person . . . knowingly make[s] any open or indecent exposure of his or her person or of the person of another" while "fondling his or her genitals, pubic area, buttocks, or, if the person is female, breasts . . . ." MCL 750.335a(2)(b). An open exposure occurs when the actor exposes his genitals in a place "anyone might reasonably have been expected to observe it and . . . the person might reasonably have been expected to have been offended by what was seen." *People v Neal*, 266 Mich App 654, 661; 702 NW2d 696 (2005) (quotation marks and citation omitted). An indecent exposure occurs when the actor intentionally exposes his genitals "in a place where such exposure is likely to be an offense against generally accepted standards of decency in a community." *Id.* at 662 (quotation marks and citation omitted).

Sexual delinquency is not an element of the indecent exposure statute, but a finding that a person was sexually delinquent allows an enhanced sentence. *People v Franklin*, 298 Mich App 539, 547; 828 NW2d 61 (2012). Generally, aggravated indecent exposure is a "misdemeanor punishable by imprisonment for not more than 2 years[.]" MCL 750.335a(2)(b). However, when a sexually delinquent person violates the indecent exposure statute, the offense is considered a felony "punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life." MCL 750.335a(2)(c); see also *People v Arnold*, 502 Mich 438, 449; 918 NW2d 164 (2018) (explaining that the sentencing guidelines list this offense as a Class A felony). MCL 750.10a defines "sexually delinquent person" as

> any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others,

or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16.

Defendant first argues that the testimony of the five other-acts witnesses was offered by the prosecution for an improper purpose because the testimony was from other female officers and involved acts that occurred prior to the charged offense. It is only logical that in order to prove repetitive behavior proof of prior incidents must be proven. While the sergeant's testimony regarding the multiple instances of indecent exposure would themselves have been proof of prior acts, that fact does not preclude the introduction of other evidence. An element of the charge is that the repetitive acts must occur with disregard of the consequences or rights of others. Thus, the intent of the defendant must be proven. The evidence of other acts that the court admitted during the second part of the trial was sufficiently similar to suggest a common plan or scheme. See *Hine (After Remand)*, 467 Mich at 253. In both the charged act and the other incidents, defendant exposed his genitals, masturbated in front of female corrections officers and other staff, and used his footlocker to make his body visible and enable him to place his genitals through the cell bars. Defendant made eye contact with the staff and engaged in conversation with them as he did so, and he did not attempt to cover himself or turn away. Other-acts evidence was relevant and necessary to establish that defendant's behavior was "characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others[.]" MCL 750.10a. The fact that the other acts occurred before the charged acts and involved other officers is irrelevant. A common plan or scheme need not be "part of a single continuing conception or plot." *Sabin (After Remand)*, 463 Mich at 64. Instead, other-acts evidence may be admitted, as in this case, to demonstrate that the defendant used a plan or scheme "repeatedly to perpetrate separate but very similar crimes." *Id.* at 63 (quotation marks and citation omitted). The trial court did not abuse its discretion by finding that the other-acts evidence was admissible under MRE 404(b)(1) as proof of a common plan or scheme.

Defendant also argues that the other-acts evidence should have been excluded under MRE 403 because any probative value was substantially outweighed by the danger of unfair prejudice. This argument would have been unavailing even had it been preserved. The evidence of the other prior acts was probative to support a finding that defendant's actions were repetitive or compulsive. See *People v Helzer*, 404 Mich 410, 417-418; 273 NW2d 44 (1978), overruled in part on other grounds by *People v Breidenbach*, 489 Mich 1, 4; 798 NW2d 738 (2011). The other-acts evidence was highly probative of defendant's "disregard of consequences or the recognized rights of others." See MCL 750.10a. The court minimized the potential for unfair prejudice by having a bifurcated trial where the predicate offense was adjudicated based upon evidence that defendant does not challenge in this appeal. Additionally, the court gave a limiting instruction regarding this evidence in the second phase of the trial. Therefore, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, and defendant has failed to show any error in the admission of the other-acts evidence.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Amy Ronayne Krause

-4-