*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH DARRIUS MANDERS,

Defendant-Appellant.

UNPUBLISHED
December 17, 2020

No. 346020
Kent Circuit Court
LC No. 15-011148-FH

Before: FORT HOOD, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Defendant entered a plea of guilty but mentally ill to aggravated indecent exposure, MCL 750.335a(2)(b), and the sentence enhancement of indecent exposure by a sexually delinquent person, MCL 750.335a(2)(c). We affirm.

## I. BACKGROUND

On May 11, 2017, while defendant was awaiting trial on other charges not related to this appeal, Kent County Jail staff reported that defendant had numerous indecent exposure incidents between January 2015 and September 2015. At the plea hearing, defendant admitted that between January 1, 2015, and September 28, 2015, he knowingly made "an open or indecent exposure of [his] person while fondling [his] genitals," and that his "sexual behavior was characterized by repetitive or compulsive acts which indicate a disregard of the consequences or recognized right of others." The trial court informed defendant that his indecent exposure by a sexually delinquent person plea carried the maximum "mandatory" penalty of a "one day to life sentence." The court found a sufficient factual basis for defendant's plea and that the plea was voluntarily, accurately, and knowingly made. The court accepted defendant's plea.

Over 16 months later, defendant filed a motion to withdraw his plea arguing that: (1) caselaw had changed regarding penalties for sexual delinquent person offenses, and therefore, he was not properly advised of the consequences of his plea; (2) he was improperly charged with both indecent exposure by a sexually delinquent person and aggravated indecent exposure offenses that violated his constitutional protections against double jeopardy; (3) his plea was invalid because the factual basis was inadequate; (4) the trial court did not correctly determine that he was

a sexually delinquent person after a separate hearing making his sentence invalid; (5) and his sexually delinquent person conviction was invalid because the finding did not take into account his mental disorder.

In a written opinion and order, the trial court denied defendant's motion. While conceding that caselaw had changed regarding the sentence to be imposed for a sexually delinquent person, no longer mandating a one-day-to-life sentence, the court stated that the one-day-to-life sentence that was imposed on defendant was still an "alternate sentence," and defendant's plea was voluntary. The court noted that defendant was advised and understood his minimum and maximum sentence associated with his indecent exposure by a sexually delinquent person conviction. The court also noted that defendant had failed to "argue that a term-of-years sentence would have exceeded a life sentence," and at the time of defendant's sentence, the sentence imposed was statutorily mandated. For those reasons, the court held that defendant had "failed to establish an error that would have entitled him to have his plea set aside."

The trial court then stated that, relating to his indecent exposure by a sexually delinquent person conviction, defendant admitted engaging in repetitive or compulsive behavior, and both the prosecution and defense counsel agreed that the court elicited a sufficient factual basis. The court then explained that sexual delinquency is not an element of aggravated indecent exposure and because the charges against defendant did not possess the same elements, the court did not violate defendant's constitutional protections against double jeopardy.

Furthermore, the trial court stated that it was not required to hold a separate sexual delinquency hearing before sentencing. It said that defendant "was placed under oath, stated he understood the charges against him, supplied a factual basis for the offense, and pleaded guilty." The court noted that defense counsel failed to object to the plea-taking procedure. The court explained that although it did not "state that it was using defendant's statements as a basis for a finding of sexual delinquency, defendant served as a witness and offered an unequivocal admission that he exhibited repetitive or compulsive sexual behavior," qualifying him as a sexually delinquent person. Additionally, on the basis of defendant making no argument that the repetitive or compulsive sexual behavior was because of his mental health issues, the court said that defendant "failed to establish an error that would entitle him to have the plea set aside."

Defendant filed a delayed application for leave to appeal, which a panel of this Court denied.[1] Defendant sought leave to appeal that decision in the Michigan Supreme Court, and, in lieu of granting leave to appeal, the Court remanded the case to this Court for consideration as on leave granted.[2]

---

[1] *People v Manders*, unpublished order of the Court of Appeals, entered December 13, 2018 (Docket No. 346020).

[2] *People v Manders*, 504 Mich 962 (2019).

## II. ANALYSIS

### A. INVALID PLEA—LACK OF ADVICE ON CONSEQUENCES

Defendant argues that he was not correctly advised of plea consequences by the trial court as required by constitutional law and MCR 6.302 and that he is entitled to withdraw his plea. Specifically, defendant states that the court only advised him of the then-mandatory, one-day-to-life sentence during his plea hearing, therefore making his plea involuntary. We disagree.

"This Court reviews for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011). "A defendant pleading guilty must enter an understanding, voluntary, and accurate plea." *Brown*, 492 Mich at 688-689; see MCR 6.302(A).[3]

Defendant pleaded guilty but mentally ill to aggravated indecent exposure and indecent exposure by a sexually delinquent person under MCR 750.335a(2)(b) and (c). MCR 750.335a states, in pertinent part:

> (1) A person shall not knowingly make any open or indecent exposure of his or her person or of the person of another.
>
> (2) A person who violates subsection (1) is guilty of a crime, as follows:
>
> * * *
>
> (b) If the person was fondling his or her genitals, pubic area, buttocks, or, if the person is female, breasts, while violating subsection (1), the person is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.
>
> (c) If the person was at the time of the violation a sexually delinquent person, the violation is punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life.

"Thus, indecent exposure is a one-year misdemeanor . . . but when committed by a 'sexually delinquent person,' the offense 'is punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life." *People v Arnold*, 502 Mich 438, 448-449; 918 NW2d 164 (2018). MCL 767.61a sets out how an individual accused of one of the predicate offenses can also be accused of being a sexually delinquent person:

---

[3] MCR 6.302A states, in pertinent part, that "[t]he court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate."

In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person . . . . Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense. [*Arnold*, 502 Mich at 449.]

A defendant seeking to withdraw his plea after sentencing must demonstrate a defect in the plea-taking process. *Brown*, 492 Mich at 693. MCR 6.302 governs guilty pleas and states, in pertinent part,

(A) Plea Requirements. The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate. Before accepting a plea of guilty or nolo contendere, the court must place the defendant or defendants under oath and personally carry out subrules (B)-(E).

(B) An Understanding Plea. Speaking directly to the defendant or defendants, the court must advise the defendant or defendants of the following and determine that each defendant understands:

(1) the name of the offense to which the defendant is pleading; the court is not obliged to explain the elements of the offense, or possible defenses;

(2) the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law, including a requirement for mandatory lifetime electronic monitoring under MCL 750.520b or 750.520c.

Stated differently, "MCR 6.302(B) specifically gives defendants who plead guilty of a crime the right to know beforehand the maximum possible sentence that will result from their plea." *Brown*, 492 Mich at 701. Any sentencing enhancement given by the trial court must be calculated into the defendant's maximum sentence. *Id*. A "failure to inform a defendant of the maximum sentence that could be imposed before he or she pleads guilty renders a plea involuntary." *Id*. at 698. When this occurs, "MCR 6.310(C) provides the proper remedy for violations of MCR 6.302(B)(2)." *Id*. "It requires that a defendant be informed of the maximum enhanced sentence before being given the opportunity to elect (1) to allow his plea and sentence to stand or (2) to withdraw it." *Id*. However, "[t]he rule does not require the judge to inform the defendant of all sentence consequences-only the maximum sentence, any mandatory minimum." *In re Guilty Plea Cases*, 395 Mich 96, 118; 235 NW2d 132 (1975).

In this case, during defendant's plea hearing, the trial court stated that "the maximum penalty on indecent exposure by a sexually delinquent person is life because it's a mandatory one day to life sentence." The court's reference to the "mandatory" sentence was, at the time, proper under the controlling language of *People v Campbell*, 316 Mich App 279, 300; 894 NW2d 72 (2016), overruled by *Arnold*, 502 Mich at 483, wherein this Court concluded that the trial court

-4-

erred when it sentenced the defendant under the sentencing guidelines rather than using the mandatory sentence of one day to life provided under MCL 750.335a(2)(c).

Defendant concedes that published authority supported defendant's sentence at the time of his plea hearing and sentencing, but submits that our Supreme Court's ruling—over a year later—in *Arnold*, 502 Mich at 438, rendered his plea involuntary on the basis of the trial court stating that the sentence was "mandatory." We find this argument unpersuasive.

We conclude that *Arnold*, 502 Mich at 438, is inapplicable to this case because defendant's case was finalized upon sentencing over a year prior to the holding in *Arnold* and *Arnold* does not apply retroactively.[4] However, even if we were to apply *Arnold* retroactively, we would still conclude that defendant is still unable to withdraw his plea.

In *Arnold*, 502 Mich at 444, the defendant was convicted of aggravated indecent exposure, indecent exposure by a sexually delinquent person, and being a fourth-offense habitual offender. The defendant was sentenced to 25 to 70 years' imprisonment for indecent exposure by a sexually delinquent person and 2 to 15 years for aggravated indecent exposure. *Id*. at 446. On appeal, the defendant argued that the trial court was required to sentence him to one day to life in prison under MCL 750.335a(2)(c). Our Supreme Court held that MCL 750.335a(2)(c) does not require an individual convicted of being a sexually delinquent person to be given a sentence of one day to life in prison. *Arnold*, 502 Mich at 465. Instead, the one-day-to-life scheme is best construed as an *optional* alternative sentence that a "sentencing judge could draw upon, alongside and not to the exclusion of other available options." *Id*. at 469. On remand from our Supreme Court, this Court concluded that "the sentencing guidelines provide another option or alternative, in addition to the sexual-delinquency scheme, when sentencing an individual convicted of indecent exposure." *People v Arnold (On Remand)*, 328 Mich App 592, 596; 939 NW2d 690 (2019).

We conclude, contrary to defendant's argument, that *Arnold* does not dispense with the one-day-to-life sentence, but merely made it an *optional* alternative sentence. And, under MCR 6.302(B), when it is required that a defendant be made aware of his minimum and maximum sentence, because a "sentencing judge could draw upon, alongside and not to the exclusion of other available options" the one-day-to-life sentence, defendant's sentence in this case meets the MCR 6.302(B) requirement. *Id*. at 469.

Therefore, even if we were to remand to allow defendant to withdraw his plea, the trial court would be required to, the same as it did at defendant's plea hearing, inform defendant of the minimum and maximum sentence that could be imposed, one day to life in prison. See MCR 6.302(B); see also MCR 750.335a(c). Accordingly, because the trial court clearly complied with

---

[4] Although not specifically raised by defendant, our Supreme Court did not make clear whether its ruling in *Arnold* applies retroactively. Notably, "a new [constitutional] rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Griffith v Kentucky*, 479 US 314, 328; 107 S Ct 708; 93 L Ed 2d 649 (1987); see also *People v Sexton*, 458 Mich 43, 55-56 n 20; 580 NW2d 404 (1998).

MCR 6.302 by advising defendant of the mandatory minimum sentence and maximum possible sentence, and defendant's plea was knowingly and voluntarily made, the trial court did not abuse its discretion and defendant is not entitled to withdraw his plea. See *Brown*, 492 Mich at 688.

## B. INVALID PLEA—LACK OF FACTUAL BASIS

Defendant argues that his plea for indecent exposure by a sexually delinquent person was invalid because the factual basis found by the trial court was inadequate. We disagree. "This Court reviews for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *Brown*, 492 Mich at 688. "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Fonville*, 291 Mich App at 376. "A defendant pleading guilty must enter an understanding, voluntary, and accurate plea." *Brown*, 492 Mich at 688-689; see MCR 6.302(A).

At the outset, we conclude that defendant waived any error regarding the sufficiency of the factual basis given during the plea hearing. Waiver is "the intentional relinquishment or abandonment of a known right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citations omitted); see *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) ("A defendant may not waive objection to an issue before the trial court and then raise it as an error on appeal.") (quotation marks and citation omitted). During defendant's plea hearing, the trial court asked defense counsel if he was "satisfied with the factual basis," to which counsel responded, "Yes, your Honor." Because defense counsel clearly expressed satisfaction with the trial court's finding of a factual basis, counsel's action is deemed to constitute a waiver. See *Kowalski*, 489 Mich at 503.

However, even if we were to conclude that defendant had not waived this issue on appeal, we would still conclude that the trial court properly questioned defendant and established support for its finding that defendant was guilty of the offense to which he was pleading.

As stated previously, defendant pleaded guilty but mentally ill to aggravated indecent exposure and indecent exposure by a sexually delinquent person under MCL 750.335a(2)(b) and (c). MCL 750.335a(2)(c) requires that the person was a "sexually delinquent person at the time of the offense" and MCL 750.10a defines a sexually delinquent person as

> any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16.

MCR 6.302(D)(1) states that "[i]f the defendant pleads guilty, the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged

or the offense to which the defendant is pleading."[5]  MCL 767.61a governs offenses committed by a sexually delinquent person and provides that if the accused pleads guilty to the charge of indecent exposure by a sexually delinquent person, the trial court shall conduct an examination of witnesses relative to the sexual delinquency of such person and may call on psychiatric and expert testimony. Our Supreme Court has interpreted the examination required by MCL 767.61a as a hearing, which can include at the plea hearing.  See *People v Breidenbach*, 489 Mich 1, 10; 798 NW2d 738 (2011); see also *People v Franklin*, 298 Mich App 539, 545; 828 NW2d 61 (2012).

In this case, while taking defendant's plea, the following exchange occurred:

> *The Court*:  All right.  All right.  Let's attempt to establish a factual basis for the two crimes.  It's my understanding that these events occurred, based on the amended information, between January 1 of 2015 and September 28 of 2015, in the city of Grand Rapids, in the county of Kent, at 703 Ball Avenue, Northeast, which was the Kent County Jail.  Were you lodged in the Kent County Jail between January of 2015 and September of 2015, Mr. Manders?

> *The Defendant*: Yes, Sir.

> *The Court*:  All right.  And there's allegations here.  One is that—first, for aggravated indecent exposure, the allegation is that you did—that you did knowingly make an open or indecent exposure of your person while fondling your genitals.  Is it true—excuse me—as to that charge, how do you plead?

> *The Defendant*: Guilty but mentally ill, sir.

> *The Court*:  Very good.  And the second charge is indecent exposure by a sexually indecent [sic] person.  And the allegation is that you were a person whose sexual behavior was characterized by repetitive or compulsive acts which indicate a disregard of the consequences or recognized rights of others, how do you plead?

> *The Defendant*: Guilty but mentally ill, sir.

> * * *

> *The Court*: All right.  Thank you.  At this point Counsel, have I complied with Michigan Court Rule both 6.302 and 6.303 regarding the taking of this plea?

---

[5] Defendant's brief refers to MCR 6.302(D)(2)(b), which states that, if a defendant pleaded *nolo contendere*, the trial court must "hold a hearing, unless there has been one, that establishes support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading."  However, defendant in the present case pleaded guilty but mentally ill, not *nolo contendere*, and therefore, this court rule is inapplicable.

[*The Prosecution*]: You have. My only concern is I—did we—I know he pled guilty but mentally ill. Do we need to take a specific factual basis, and did you do that?

*The Court*: Okay. Well, I asked him—this is what I did. And I don't mind slowing this down. That's fine. I—I described the act, and I asked him how he plead, so should I—do you want me to go through those again and ask him if he performed those acts? That's fine with me. I'd be happy to do that.

[*The Prosecution*]: I guess for just purposes of to make sure everything's—

*The Court*: I have—I have no problem with that. Why don't we go through this again?

Mr. Manders, we described the events at the Kent County Jail between January of 2015 and September 28 of 2015. During that time period, did you knowingly or make an open indecent exposure of your person while fondling your genitals? Did you do that?

*The Defendant*: Yes, sir.

*The Court*: All right. In addition, were you a person during that time period we just mentioned at the location—the Kent County Jail whose sexual behavior was characterized by repetitive or compulsive acts which indicate a disregard of the consequences or the recognized rights of others. Did you perform that act as well—or those acts?

*The Defendant*: Yes, sir.

*The Court*: All right. At this point, Counsel, are you satisfied with the factual basis?

[*The Prosecution*]: I am, your Honor.

[*Defense Counsel*]: Yes, your Honor.

Defendant asserts that he merely responded affirmatively to the trial court's recitation of statutory language and never admitted to what activities he actually engaged in. However, defendant bases this argument solely on a portion of his plea hearing and fails to recite the plea hearing in its entirety. As shown, the trial court asked defendant twice if he knowingly made an open indecent exposure of his person while fondling his genitals, as well as, if he performed these acts which were characterized as repetitive or compulsive that indicated a disregard of the consequences, to which defendant responded affirmatively.

On the basis of this, we conclude that the trial court properly questioned defendant and established support for its finding that defendant was guilty of the offense to which the defendant was pleading. See MCR 6.302(D)(1). The trial court's findings of fact properly supported that defendant's sexual behavior was characterized by repetitive or compulsive acts which indicated a

disregard of consequences or the recognized rights of others. See MCL 750.10a. Additionally, defendant's amended felony information states that these acts occurred between January 1, 2015 and September 28, 2015. Accordingly, the factual basis for the plea was established by defendant's own admissions. Over the course of many months, defendant's sexual behavior, characterized by repetitive or compulsive acts, were properly classified as offenses committed by a sexually delinquent person and the trial court correctly found a factual basis as such. See MCL 767.61a; see MCL 750.10a; see MCR 6.302(D)(1).

## C. DOUBLE JEOPARDY

Defendant argues that his convictions of both aggravated indecent exposure and indecent exposure as a sexually delinquent person violated the prohibition against double jeopardy. We disagree. A double-jeopardy challenge presents a question of constitutional law reviewed de novo on appeal. *People v Ream*, 481 Mich 223, 226; 750 NW2d 536 (2008). "[U]npreserved double jeopardy claim[s] [are] reviewed for plain error affecting the defendant's substantial rights." *People v Ackah-Essien*, 311 Mich App 13, 30; 874 NW2d 172 (2015). "Reversal is warranted only if the error resulted in a conviction despite the defendant's actual innocence, or if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of the defendant's innocence." *Id*. at 30-31.

Defendant was charged with aggravated indecent exposure and indecent exposure by a sexually delinquent person. As discussed earlier, aggravated indecent exposure occurs when an individual knowingly makes an open or indecent exposure of their genitals, pubic area, or buttocks, see MCL 750.335a(2)(b), and to be found a sexually delinquent person, the individual's sexual behavior must have been characterized by repetitive or compulsive acts which indicated a disregard of consequences or the recognized rights of others. See MCL 750.335a(2)(c); see also MCL 750.10a.

"The double jeopardy clauses of the United States and Michigan constitutions protect against governmental abuses for both (1) multiple prosecutions for the same offense after a conviction or acquittal and (2) multiple punishments for the same offense." *People v Bergman*, 312 Mich App 471, 490-491; 879 NW2d 278 (2015). However, "[a] dual prosecution and conviction of a higher offense and a lesser cognate offense are permissible where the Legislature intended to impose cumulative punishment for similar crimes, even if both charges are based on the same conduct." *Id*. (quotation marks and citation omitted).

"Whether the Legislature intended to impose multiple punishments for violations of more than one statute during the same transaction or incident, courts must apply the same elements test" found in *People v Ford*, 262 Mich App 443, 447; 687 NW2d 119 (2004). *People v Dickinson*, 321 Mich App 1, 11; 909 NW2d 24 (2017). Under this test, "a court must inquire whether each offense contains an element not contained in the other offense. If the two offenses do not each contain at least one element that the other does not, double jeopardy bars additional punishment." *Id*. (quotation marks and citations omitted). However, "where two distinct statutes cover the same conduct but each requires proof of an element the other does not, a presumption exists that the Legislature intended multiple punishments unless the Legislature expressed a contrary intent." *Id*. (quotation marks and citations omitted).

In *Franklin*, 298 Mich App at 539, this Court determined that convictions of indecent exposure and aggravated indecent exposure that are based on the same offense violate double jeopardy because the offense of indecent exposure does not contain any elements that are different from the elements of aggravated indecent exposure. However, the Court went on to state that a showing of sexual delinquency is not an actual element of indecent exposure, but rather allows only for an enhancement of the sentence. *Id*. Sexual delinquency is a matter of sentencing, unrelated to proof of the principal charge; no additional element of sexual delinquency need be proven in order to convict on the principal charge. *Id*.

In this case, defendant's charges did not violate the Double Jeopardy Clause. Defendant was charged with aggravated indecent exposure and indecent exposure by a sexually delinquent person, which do not violate double jeopardy, as indecent exposure by a sexually delinquent person is a sentencing enhancement, unrelated to the proof of defendant's aggravated indecent exposure charge. See *id*. Furthermore, for a finding of sexual delinquency to be charged, it must be done in conjunction with a conviction on the principal charge. See MCL 767.61a; see also *People v Helzer*, 404 Mich 410, 417; 273 NW2d 44 (1978), overruled on other grounds by *Breidenbach*, 489 Mich at 1.

Even if we were to find double jeopardy applicable, at defendant's motion to withdraw his plea, the trial court corrected this error by filing an amended judgment of sentence that removed aggravated indecent exposure and indecent exposure by a sexually delinquent person as two separate counts, and properly combined them using the indecent exposure by a sexually delinquent charge as a sentence enhancement and not as a separate charge. Because aggravated indecent exposure is a lower crime class than indecent exposure by a sexually delinquent person, see MCL 777.16q,[6] and the proper remedy for a double-jeopardy violation is to vacate the lower charge and affirm the higher conviction, defendant's plea in the present case would have rectified any violation of double-jeopardy principles. See *People v Herron*, 464 Mich 593, 596; 628 NW2d 528, 531 (2001).

Accordingly, even if we were to conclude that the trial court initially erred in charging defendant with aggravated indecent exposure and indecent exposure by a sexually delinquent person as two separate counts, any alleged error was rectified by the trial court when it amended the judgment of sentence. Therefore, because any error was rectified and did not seriously affect the fairness, integrity, or public reputation of judicial proceedings, defendant is not entitled to have his plea vacated. See *Ackah-Essien*, 311 Mich App at 30-31.

### D. INVALID PLEA—SEPARATE AND DISTINCT HEARING

Defendant argues that the trial court erred in not holding a separate and distinct sexual delinquency hearing. We disagree.

At the plea proceeding, defense counsel answered affirmatively when the trial court asked if it had satisfied the procedural requirements for making the sexual delinquency determination.

---

[6] Aggravated indecent exposure, MCL 750.335a(2)(b), is a Class G offense against a person, whereas indecent exposure by a sexually delinquent person is a Class A offense against a person.

-10-

Therefore, this issue unpreserved. Unpreserved claims are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule three requirements must be met: (1) error must have occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights." *Id.* at 763. "The third requirement generally required a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if "the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* (quotation marks and citation omitted; alteration in original).

At the outset, we conclude that for the same reasons discussed in Section B of this opinion, defendant's argument is waived. However, even if we were to conclude that defendant's argument is not waived, defendant is not entitled to a separate and distinct sexual delinquency hearing.

MCL 767.61a governs offenses committed by a sexually delinquent person and provides that if the accused pleads guilty to the charge of indecent exposure by a sexually delinquent person, the trial court shall conduct an examination of witnesses relative to the sexual delinquency of such person and may call on psychiatric and expert testimony. MCL 767.61a only calls for a separate hearing in regard to sexual delinquency in the event the accused shall plead guilty. *Breidenbach*, 489 Mich at 10; see also *Franklin*, 298 Mich App at 544. This Court has interpreted the examination required by MCL 767.61a as a hearing that could take place at the plea hearing. See *Franklin*, 298 Mich App at 545. "[W]hen a defendant testifies, he takes on a second role, that of a witness." *People v Allen*, 429 Mich 558, 567; 420 NW2d 499 (1988). A solemn declaration of guilt by the defendant carries a presumption of truthfulness. See *Blackledge v Allison*, 431 US 63, 74; 97 S Ct 1621; 52 L Ed 2d 136 (1977).

In this case, defendant was placed under oath by the trial court during his plea hearing, and affirmatively confirmed, not only once, but twice, that he was a sexually delinquent person. Further, defendant's brief on appeal is void of any assertion or an offer of proof, that he would have called any additional witnesses, that he was not aware of all his rights when he pleaded guilty but mentally ill, or that he would have otherwise opposed the sexual delinquency charge, had he had an additional opportunity to do so.

On the basis of this, and lack of objection during his plea hearing, we conclude that the trial court properly conducted the examination required by MCL 767.61a and that the record properly establishes defendant's status as a sexually delinquent person. See MCL 767.61a; see also *Franklin*, 298 Mich App at 545. Accordingly, the trial court did not err when it examined defendant during the plea hearing regarding his status as a sexually delinquent person. See MCL 767.61a; see also *Carines*, 460 Mich at 764; *Allen*, 429 Mich at 567; *Franklin*, 298 Mich App at 545.

E. INVALID PLEA—MENTAL ILLNESS

Defendant argues that the trial court's finding of sexual delinquency was improper because the record reflects that the indecent exposure was the result of mental illness. We disagree. "This Court reviews for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *Brown*, 492 Mich at 688. "An abuse of discretion occurs when the decision results in an outcome

falling outside the range of principled outcomes." *Fonville*, 291 Mich App at 376. "A defendant pleading guilty must enter an understanding, voluntary, and accurate plea." *Brown*, 492 Mich at 688-689; see MCR 6.302(A).

Defendant's argument is premised on *People v Griffes*, 13 Mich App 299; 164 NW2d 426 (1968), wherein the defendant claimed that the enhanced penalty for a sexually delinquent person amounted to criminal punishment for a mental condition or status and, therefore, it was cruel and unusual. In *Griffes*, this Court construed the sexually delinquent person statute, MCL 767.61a, with the criminal sexual psychopath statute, MCL 780.501,[7] which was repealed by 1968 PA 143, and held that, because a sexual psychopath was a person who suffered from a mental disorder, a sexually delinquent person was not one whose sexual conduct was coupled with or due to a mental disorder. *Id*. at 303. The Court also stated that persons who "are found to be criminal sexual psychopathics are treated so entirely differently from those found to be sexually delinquent that it is incongruous to our minds to suppose the legislature meant the same condition of the mind to give rise to either classification." *Id*. Stated differently, the Court held that a defendant could be sentenced to either the sexual psychopath statute or the sexually delinquent person statute, but not both. *Id*. Furthermore, the *Griffes* Court stated that an individual suffering from a mental disorder may not voluntarily incur punishment for acts because of his mental condition. *Id*. at 305.

However, in this case, although defendant pleaded guilty but mentally ill, he made no argument to the trial court that his repetitive or compulsive sexual behavior was the result of his mental illness. Although the trial court asked counsel if defendant was mentally ill at the time of the offenses and defense counsel responded affirmatively, defendant did not deny being guilty of the crimes nor did he assert that his behavior was the result of his mental illness. Accordingly, the record does not support that defendant voluntarily incurred punishment because of his mental condition, and therefore, his plea was not invalid on that basis. See *id*.

Affirmed.

/s/ Karen M. Fort Hood
/s/ David H. Sawyer
/s/ Deborah A. Servitto

---

[7] MCL 780.501 stated that "[a]ny person who is suffering from a mental disorder and is not feeble-minded, which mental disorder is coupled with criminal propensities to the commission of sex offenses is hereby declared to be a criminal sexual psychopathic person." *Griffes*, 13 Mich App 302-303.