Young, C.J.
In People v Helzer,[1] this Court held that when a criminal defendant is charged with being a sexually delinquent person in relation to an underlying sexual offense, separate juries must determine a defendant’s guilt of the sexual delinquency charge and the underlying charge. In this case, defendant was convicted by a single jury of “indecent exposure as a sexually delinquent person.” The trial court granted defendant’s motion for a new trial after the Court of Appeals vacated his conviction on the ground that the first trial violated his procedural rights under Helzer. The prosecutor appealed, arguing that Helzer was wrongly decided.
We hold that because the sexual delinquency statute, MCL 767.61a, neither explicitly nor implicitly requires that a separate jury determine the issue of sexual delin *4 quency apart from the primary offense, the Helzer Court erred when it created a compulsory rule to that effect. Because the Helzer rule lacks support in the language of the statute itself, determinations whether separate juries are needed should be made on a case-by-case basis in accordance with the Michigan Court Rules. We therefore overrule Helzer in part and make clear that separate jury trials under MCL 767.61a are discretionary, not mandatory. Should a trial court, in its discretion, determine that bifurcation is necessary in order to protect a defendant’s rights or ensure a fair determination of guilt or innocence, it may empanel separate juries.
For the reasons stated below, we grant the prosecutor’s application for leave to appeal, vacate the trial court’s order granting defendant a new trial, and reinstate defendant’s conviction.
I. FACTS AND PROCEDURAL HISTORY
While on parole for a similar offense, defendant Anthony Breidenbach exposed himself to a woman at a public bookstore. Defendant was charged with “indecent exposure as a sexually delinquent person”[2] in the Genesee Circuit Court and tried before one jury without objection. At trial, the prosecutor presented specific testimony related to two prior similar convictions, and defendant’s parole officer testified regarding defendant’s extensive criminal history, which *5 included convictions for 21 prior sexual offenses, 16 of which were felonies. The jury convicted defendant as charged, and the trial court sentenced him to a prison term of “one day to life in prison,” pursuant to the indeterminate sentence provided by statute.[3]
Defendant appealed and moved to remand, arguing that the trial court had violated MCL 767.61a and Helzer, and that he had been denied the effective assistance of counsel. The Court of Appeals remanded the case to the trial court to allow defendant to move for a new trial on this basis,[4] and the trial court subsequently ruled that defendant was entitled to a new trial pursuant to Helzer.[5] The prosecutor filed a delayed application for leave to cross-appeal in the Court of Appeals, which the Court denied.[6]
The prosecutor now appeals in this Court, arguing that Helzer was wrongly decided and should be overruled, or, alternatively, that defendant waived any claim of error under Helzer by failing to object to the original decision to try his case before a single jury.
*6 II. STANDARD OF REVIEW
This case requires that we determine whether MCL 767.61a requires trials by separate juries when a defendant is charged with being sexually delinquent. Matters of statutory interpretation raise questions of law, which we review de novo.[7]
III. PEOPLE v HELZER
In People v Helzer,[8] this Court held that separate juries are required when a criminal defendant is charged both with a principal sexual offense and with being a sexually delinquent person. In that case, the defendant was convicted by a single jury of two charges of gross indecency, and subsequently convicted by the same jury of being a sexually delinquent person at the time the acts occurred.[9] Noting that a conviction of sexual delinquency “can be obtained only in conjunction with conviction on the principal charge,” the Court stated that sexual delinquency is a matter of sentencing that is unrelated to proof of the principal charge.[10]
On the basis of this understanding, the Helzer Court held that in order to proceed fairly “against a defendant under this modified statutory scheme, the alternate nature of the sentence requires a hearing and record before a separate jury in cases where defendant does not *7 waive jury trial.”[11] The Court reasoned that the “substantial function and discretion of the jury in hearing the sexual delinquency charge, the high potential for automatic conviction were the original jury to hear the delinquency charge and the penalty of life imprisonment possible upon finding sexual delinquency all inform our order for separate jury consideration.”[12] The Court further offered the following policy rationale as support for its decision:
The trial court cannot predict at the outset whether a defendant will actually be prejudiced by having the same jury-decide both the principal charge and the sexual delinquency charge. However, the potential for prejudice is inescapable, given the broad function and wide discretion necessarily accorded the jury in the sexual delinquency hearing. Much more is involved than simply determining whether this defendant is the person convicted of specific prior offenses. Indeed, acts not necessarily resulting in criminal convictions may he considered under the statute. See MCL 750.10a; MSA 28.200(1). Furthermore, the definition of a sexually delinquent person allows, and in fact must depend upon, consideration of the prior principal sexual offense. Consequently, we find the possibility too real that a jury which only shortly before had found defendant guilty beyond a reasonable doubt on the principal sexual offense might without responsible deliberation conclude he was also a sexually delinquent person. In short, the likelihood of an automatic conviction in this subsequent proceeding requires us to order a separate jury.[13]
In sum, the Court concluded that “the decision to empanel a separate jury should not be left to the *8 discretion of the trial judge.”[14] Instead, unless a defendant waives a second jury, Helzer requires “that a second jury be provided in every case to decide the sexual delinquency charge” and that the jury should be empaneled immediately following the conviction on the principal charge.[15]
IV ANALYSIS
We take this opportunity to revisit the scope of this Court’s decision in Helzer in light of what the plain language of MCL 767.61a requires. When interpreting a statute, we seek to “ascertain and give effect to the intent of the Legislature.”[16] We begin by examining the language of the statute itself; “[i]f the language is clear and unambiguous, ‘no further construction is necessary or allowed to expand what the Legislature clearly intended to cover.’ ”[17]
On the basis of the language of MCL 767.61a, we hold that separate juries are not necessarily required when a criminal defendant is charged with being a sexual delinquent in addition to another sexual offense. MCL 767.61a provides in full:
*9 In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. In every such prosecution the people may produce expert testimony and the court shall provide expert testimony for any indigent accused at his request. In the event the accused shall plead guilty to both charges in such indictment, the court in addition to the investigation provided for in [MCL 768.35], and before sentencing the accused, shall conduct an examination of witnesses relative to the sexual delinquency of such person and may call on psychiatric and expert testimony. All testimony taken at such examination shall be taken in open court and a typewritten transcript or copy thereof, certified by the court reporter taking the same, shall be placed in the file of the case in the office of the county clerk. Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense.
Nowhere in MCL 767.61a does the Legislature require that a jury separate from the one convicting a defendant of an underlying sexual offense determine whether the defendant is also a sexually delinquent person. Given the plain language of this statute, we believe that the Helzer Court erroneously fashioned a mandatory prophylactic procedure when the text of the statute neither explicitly nor implicitly requires it.
To the contrary, the text of the statute affirmatively demonstrates that a separate jury is not required when a defendant is charged as a sexually delinquent person. For example, the statute provides that “the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, *10 a sexually delinquent person.”[18] More important, the statute also provides that “[u]pon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense.”[19] This statutory language contemplates that a defendant may be charged and tried in one action for both sexual delinquency and the underlying sexual offense. Moreover, MCL 767.61a only calls for a separate hearing in regards to sexual delinquency “[i]n the event the accused shall plead guilty. . . .” Nowhere, explicitly or implicitly, does any statutory language indicate that separate juries are required in order to proceed with the charges. As we have stated previously, when interpreting statutes, “a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.”[20] Although our predecessors on the Helzer Court found the need to create a rule compelling separate juries, there is no statutory basis for it.
Nor do we believe that Helzer’s policy justifications demand such a requirement. The Helzer Court was first concerned with the potential for prejudice in having the same jury decide both charges. However, such potential could be said to be present any time a prosecutor charges a defendant with more than one offense. Courts cannot predict with perfect accuracy whether allowing particular types of related charges to be tried in the same proceeding will prejudice a defendant — and this is true regardless of whether the joinder concerns charges of sexual delinquency or any other related crimes. So *11 too may it be said that “the potential for prejudice is inescapable”[21] when any related crimes are tried together. Simply because the potential for prejudice exists or because charges of sexual delinquency are unique in nature does not require separate trials in all instances regardless of the individual circumstances. Perhaps cases involving charges of sexual delinquency will need to be tried before separate juries at a higher rate than other crimes, but this does not necessitate a special rule applicable to all cases involving charges of sexual delinquency, particularly those in which indications of prejudice do not exist.
Moreover, we note that Helzer’s concern regarding the high potential for automatic conviction if the same jury is allowed to hear both charges — and in the process hear evidence of a defendant’s history of sexual misconduct — is not very compelling when such evidence can be, and often is, admitted anyway under the Michigan Rules of Evidence or the doctrine of chances. Specifically, MRE 404(b) provides that evidence of other “crimes, wrongs, or acts” may be admissible in order to prove a defendant’s motive, intent, preparation, scheme, plan, system of doing an act, or absence of mistake or accident, among other purposes. This “other acts” evidence need not be evidence of acts that resulted in criminal convictions. As this case demonstrates, the evidentiary rule provides a basis for admitting evidence of a defendant’s prior sexual offenses.[22] In addition, *12 Michigan has long recognized the doctrine of chances, which provides that rare or unusual events that occur frequently in relation to a single person are less likely to have an innocent explanation and more likely to demonstrate the probability of an actus reus.[23] In certain cases, this doctrine also would permit evidence of a defendant’s past sexual misconduct to come before a jury. Accordingly, Helzer’s rule mandating separate juries, however well-intentioned, does not take into account the practical reality that evidence of a defendant’s history of sexual misbehavior will often come before the jury even when the charges are severed. This *13 reality undermines Helzer’s policy rationale because, as we explained in People v Williams, “[j]oinder of... other crimes cannot prejudice the defendant more than he would have been by the admissibility of the other evidence in a separate trial.”[24] Limiting instructions are the classic means by which trial courts direct juries to consider certain evidence for its proper purpose only. There is no indication that a proper limiting instruction would be any less appropriate or effective in this type of case.
The Helzer Court was further concerned that a jury deciding both charges might conclude without “responsible deliberation” that a defendant is a sexually delinquent person — in other words, that there is a high likelihood of “automatic conviction.”[25] However, requiring separate juries would do little to avoid prejudice in this regard. First, juries are presumed to follow the instructions of a trial court,[26] and thus trial courts have the responsibility to ensure that juries are fully informed about the applicable law and the necessary, responsible deliberation that they should undertake before convicting a defendant. Second, nothing in the blanket requirement of separate juries ensures that a second jury would deliberate any more carefully than the first. Moreover, the second jury is likely to be provided the same type of evidence and information as the first jury considered.[27] Any disadvantage experienced by a defendant arising out of the fact that he was *14 recently convicted of a sexually based crime is a natural and appropriate consequence of such a conviction and not unfairly prejudicial.
Finally, we note that Michigan’s court rules contemplate that decisions regarding joint or severed trials for related charges lie firmly within the discretion of trial courts. In particular, MCR 6.120(B) provides:
On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in [MCR 6.120(C)], the court may join offenses charged in two or more informations or indictments against a single defendant, or sever offenses charged in a single information or indictment against a single defendant, when appropriate to promote fairness to the parties and a fair determination of the defendant’s guilt or innocence of each offense.
(1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on
(a) the same conduct or transaction, or
(b) a series of connected acts, or
(c) a series of acts constituting parts of a single scheme or plan.
(2) Other relevant factors include the timeliness of the motion, the drain on the parties’ resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties’ readiness for trial.[28]
We believe that this rule provides the proper framework for courts to analyze whether separate juries are required when sexual delinquency is charged in addition to a primary sexual offense. That is, if “a fair *15 determination of defendant’s guilt or innocence of each offense” would require separate juries, trial courts may order separate juries either sua sponte or on the motion of one of the parties. In accordance with the rationale supporting the Helzer Court’s original holding, the “potential for confusion or prejudice” in particular may provide a sufficient basis for a trial court’s exercise of its discretion to order separate juries when a charge of sexual delinquency is involved. When that potential does not exist, however, separate juries need not be empaneled in order to consider separately the charges against a defendant.
V STARE DECISIS
Although we conclude that Helzer wrongly created a rule mandating bifurcated trials when a defendant is charged with being a sexually delinquent person in addition to an underlying criminal sexual offense, that does not end our inquiry regarding whether Helzer should be overruled. In Robinson v Detroit, we set forth a multifactored test that this Court applies before overruling a precedent in order to provide respectful consideration to the cases decided by our predecessors.[29] “The first question, of course, should be whether the earlier decision was wrongly decided.”[30] However, “the mere fact that an earlier case was wrongly decided does not mean overruling it is invariably appropriate.”[31] Rather, “[cjourts should also review whether the decision at issue defies ‘practical workability,’ whether reliance interests would work an undue hardship, and whether changes in the law or facts no longer justify the *16 questioned decision.”[32] We conclude that these criteria generally weigh in favor of overruling Helzer.
First, we examine whether the Helzer rule of mandatory bifurcation defies “practical workability.” Although we conclude that the Helzer rule is not practically unworkable, it does impose unnecessary enormous costs on the judicial system because it requires empaneling two juries when the need for this has not been specifically determined. As noted, in accordance with Michigan’s court rules, Michigan courts are well able to accommodate joined or bifurcated trials as the circumstances of an individual case require.
Second, and most important, regarding reliance interests, this Court asks “whether the previous decision has become so embedded, so accepted, so fundamental, to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations. It is in practice a prudential judgment for a court.”[33] We conclude that Helzer has not become so embedded in, or fundamental to, society’s general expectations that overruling it would produce significant dislocations. Indeed, it cannot fairly be said that citizens contemplate criminal activity in reliance on the particular procedural rule implicated in this case.[34] Nor do we believe that overruling Helzer would work a hardship on the criminal justice system or affect the manner in which determinations of guilt are fairly and efficiently made. To the extent that the bench and bar *17 are aware of the rule of mandatory bifurcation set forth in Helzer, given Michigan’s well-settled rules regarding joinder and severance, overruling Helzer in a prospective manner is unlikely to upset their reliance interests.
Moreover, as we noted in Robinson, when discussing reliance interests in the context of statutory law, the words of a statute themselves are of paramount importance because “it is to the words of the statute itself that a citizen first looks for guidance in directing his actions.”[35] As we have discussed, we believe that the Helzer Court failed to accord full meaning to the words of MCL 767.61a. In particular, that statute contemplates that a single trier of fact may try both a charge of sexual delinquency and an underlying criminal sexual offense in appropriate cases. Absent the holding in Helzer, no person reviewing the words of this statute would expect an automatic right to separate juries when charged as being a sexually delinquent person.
Finally, we examine whether intermediate changes in the law or facts no longer justify the Helzer decision. Because Helzer created a policy-based, prophylactic rule, its continued validity is only supported to the extent that legal realities require it. Yet, as discussed at length earlier, the policy justifications for Helzer are largely undercut by the application of the rules of evidence and various legal doctrines in a trial setting.[36] Most important, by allowing for bifurcated trials in appropriate cases, Michigan’s court rules otherwise provide an adequate means of protecting against the harms identified in Helzer. Accordingly, there is no *18 compelling policy justification that supports retaining Helzer’s rule of mandatory bifurcation.
Having reviewed these factors and considering the deference that must be accorded to the exact words chosen by the Legislature in MCL 767.61a, we conclude that the portion of Helzer requiring bifurcated trials should be overruled.
VI. CONCLUSION
We hold that separate juries are not necessarily required when a criminal defendant is charged with a sexual offense as well as with being a sexually delinquent person. To the extent that Helzer held contrarily, we overrule that portion of the decision and direct trial courts to exercise their discretion consistently with Michigan’s court rules when determining whether separate jury trials are required in a given case.[37]
Accordingly, the prosecutor’s application for leave to appeal is granted, the trial court’s order granting defendant a new trial is vacated, defendant’s conviction is reinstated, and this case is remanded to the Genesee Circuit Court for further proceedings consistent with this opinion.[38]
Markman, Mary Beth Kelly, and Zahra, JJ., concurred with Young, C.J.

 People v Helzer, 404 Mich 410; 273 NW2d 44 (1978).

 MCL 750.335a (indecent exposure); MCL 767.61a (sexual delinquency). MCL 750.10a defines a sexually delinquent person as
any person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16.

 MCL 750.335a(2)(c) provides that “[i]f the person was at the time of the violation a sexually delinquent person, the violation is punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life.” Defendant was paroled on October 13, 2009.

 People v Breidenbach, unpublished order of the Court of Appeals, entered June 23, 2009 (Docket No. 288895).

 Despite having received the relief he requested, defendant refused to dismiss the appeal, resulting in a motion for guidance filed by his attorney that the Court of Appeals, in lieu of granting it, resolved by remanding the case for a new trial pursuant to the trial court’s order. People v Breidenbach, unpublished order of the Court of Appeals, entered Nov 23, 2009 (Docket No. 288895).

 People v Breidenbach, unpublished order of the Court of Appeals, entered November 9, 2009 (Docket No. 294319) (denying the prosecutor’s application for leave to cross-appeal).

 People v Morey, 461 Mich 325, 329; 603 NW2d 250 (1999).

 Helzer, 404 Mich 410.

 Id. at 414-415.

 Id. at 417. The Court concluded that MCL 767.61a is different from a simple penalty enhancement and reflects a “legislative intent to construe sexual delinquency as a separate, alternate form of sentencing” designed for the penalization and rehabilitation of those determined to be sexually delinquent. Id. at 418-421.

 Id. at 422. In imposing this requirement, the Helzer Court acknowledged that MCL 767.61a does not explicitly provide for convictions by separate juries. Rather, the Court held that “a separate hearing and record [was] directed by clear implication.” Id. at 419 n 13.

 Id. at 422-423.

 Id. at 423-424.

 Id. at 424.

 Id. In addition, the Court emphasized that
no reference to the sexual delinquency charge should be made to the jury trying the principal charge. Given the provision for separate juries, absolutely no need remains to acquaint the jury hearing the principal charge with the possible subsequent conviction of defendant as a sexually delinquent person. Discovery during trial of the principal charge that the jury hearing that case has learned of the sexual delinquency charge will henceforth be grounds for mistrial on the principal charge or reversible error on appeal. The two charges must be tried separately. Basic fairness to defendant requires this holding. [Id. at 426.]

 People v Davis, 468 Mich 77, 79; 658 NW2d 800 (2003).

 Id., quoting People v Pasha, 466 Mich 378, 382; 645 NW2d 275 (2002).

 MCL 767.61a (emphasis added).

 Id. (emphasis added).

 Davis, 468 Mich at 79 (quotation marks and citation omitted).

 Helzer, 404 Mich at 423.

 This case presents a good example of when MRE 404(b) evidence may properly be used for non-character based purposes given that defendant denied that he exposed himself and additionally argued that, because of groin pain he was experiencing, he had wrapped the area with bandages and thus couldn’t have exposed himself. Indeed, the prosecutor in this case was allowed to elicit evidence of two of defendant’s prior offenses. Additionally, defendant admitted his prior felony convictions, testifying *12 that although he was “extremely embarrassed” about them, they showed how he had accepted responsibility in the past and would do so in this case if he were not otherwise innocent.

 See, e.g., People v Mardlin, 487 Mich 609, 616-619; 790 NW2d 607 (2010); People v VanderVliet, 444 Mich 52, 79-81; 508 NW2d 114 (1993); People v Crawford, 458 Mich 376, 392-397; 582 NW2d 785 (1998). The doctrine of chances creates a non-character basis for the admission of evidence of other acts when the other acts are related to the offense charged in such a way as to make it objectively improbable that all the acts were accidental and probable that at least one of them was the result of an actus reus. Rather than relying on the subjective character of the defendant, it relies on the objective improbability of so many accidental or unexplained events of a similar nature befalling one individual. See 1 Imwinkelried, Uncharged Misconduct Evidence (rev ed), § 4:03.
Just as MRE 404(b) evidence may be used in this case to demonstrate defendant’s intent, motive, or other non-character based purpose for exposing himself, the facts here also seem to present a particularly appropriate situation in which to properly employ the doctrine of chances. Defendant argued in particular that he did not intend to expose himself, or was not physically capable of exposing himself, in the instant case. This claim of a lack of intent or impossibility is belied by defendant’s repeated convictions of similar crimes. Defendant’s history of similar sexual deviancy demonstrates an objective likelihood of an actus reus in this case based on reasonable probabilities. Thus, because this evidence is likely otherwise admissible for proper purposes under MRE 404(b) or the doctrine of chances, the Helzer Court’s concern about unfair prejudice from trying the charges before a single jury is significantly diminished.

 People v Williams, 483 Mich 226, 237; 769 NW2d 605 (2009) (quotation marks and citation omitted).

 Helzer, 404 Mich at 423-424.

 See, e.g., People v Graves, 458 Mich 476, 486; 581 NW2d 229 (1998).

 Indeed, as the Helzer Court stated, the definition of “sexually delinquent person” “dependfs] upon” consideration of the principal sexual offense. Helzer, 404 Mich at 423.

 Emphasis added. MCR 6.120(C) provides that “[o]n the defendant’s motion, the court must sever for separate trials offenses that are not related as defined in [MCR 6.120(B)(1)].”

 Robinson v Detroit, 462 Mich 439; 613 NW2d 307 (2000).

 Id. at 464.

 Id. at 465.

 Id. at 464.

 Id. at 466.

 See People v Hawthorne, 474 Mich 174, 183-184; 713 NW2d 724 (2006); Robinson, 462 Mich at 466-467 (“Such after-the-fact awareness does not rise to the level of a reliance interest because to have reliance the knowledge must be of the sort that causes a person or entity to attempt to conform his conduct to a certain norm before the triggering event. Such a situation does not exist here.”).

 Robinson, 462 Mich at 467.

 We note in particular that the Michigan Rules of Evidence were not yet effective when Helzer was briefed and argued, that they had only recently gone into effect when Helzer was decided, and that Helzer contains no discussion of MRE 404(b).

 We emphasize that we overrule Helzer in part, and only in regard to Helzer’s creation of árale of mandatory bifurcation. The additional issues addressed in the Helzer decision are not at issue in this case.

 Because we vacate the trial court’s order, our holding regarding the Helzer issue is dispositive of the prosecutor’s appeal, and therefore we need not consider the prosecution’s alternative waiver argument or whether any alleged error was harmless.