*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

VERNEST JAMES GRIFFIN,

Defendant-Appellant.

UNPUBLISHED
July 1, 2021

No. 352369
Oakland Circuit Court
LC No. 2018-268372-FC

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

VERNEST JAMES GRIFFIN,

Defendant-Appellant.

No. 352370
Oakland Circuit Court
LC No. 2018-267582-FC

Before: REDFORD, P.J., and BORRELLO and TUKEL, JJ.

PER CURIAM.

A jury convicted defendant of eight total charges, arising from two cases that were consolidated for trial. In Docket No. 352369, the jury convicted defendant of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to life imprisonment without parole for the murder conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. In Docket No. 352370, the jury convicted defendant of one count of felonious assault, MCL 750.82, two counts of assault with intent to commit murder, MCL 750.83, and three counts of felony-firearm. The trial court sentenced defendant to concurrent prison terms of 23 to 60 years for each assault with intent to commit murder conviction and 23 to 48 months for the felonious assault conviction, to be served consecutively to three concurrent two-year terms of imprisonment for the felony-firearm convictions. Defendant appeals as of right in both cases. We affirm.

## I. UNDERLYING FACTS

Defendant's convictions arise from two separate criminal episodes that occurred on the morning of February 1, 2018, the first in Pontiac and the second in Waterford Township. Before engaging in the criminal acts in Pontiac and Waterford Township, defendant, a truck driver, first went to his former employer's office, a trucking company in Wayne County, where he fatally shot the company's dispatcher and then commandeered a company truck,[1] which he used during the criminal episodes in Pontiac and Waterford Township.[2] Relevant to this case, defendant's criminal activity started in Pontiac when he arrived at Aluminum Blanking Company's shipping and receiving area and fatally shot Edward Perez, whose main responsibility was to check in truck drivers. Defendant then went to another company, Assured Carriers in Waterford Township, where he previously had been employed as a truck driver, and requested the whereabouts of his former manager, who was not there. By this time, the police had been informed that the Aluminum Blanking shooter was driving a white semitruck and had entered a Waterford Township business. Shortly thereafter, a police chase ensued, during which defendant fired a semiautomatic weapon at two officers and pointed it at a third officer before being apprehended.

## II. THE PROSECUTOR'S OPENING STATEMENT

Defendant first argues that the prosecutor engaged in misconduct during opening statement. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

"In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defendant did not object during opening statement to any of the conduct that he now challenges on appeal. As such, his claims of prosecutorial misconduct are unpreserved. Unpreserved issues are reviewed for plain error. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding

---

[1] Defendant was separately charged for the offenses in Wayne County and convicted of first-degree premeditated murder, carjacking, MCL 750.529a, and other offenses. This Court affirmed those convictions in *People v Griffin*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2020 (Docket Nos. 348864 and 348871).

[2] Defendant's convictions in Docket No. 352369 arise from his conduct in Pontiac; his actions in Waterford Township led to his convictions in Docket No. 352370.

whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (quotation marks, citations, and brackets omitted).]

"A 'clear or obvious' error under the second prong is one that is not 'subject to reasonable dispute.' " *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018).

## B. ANALYSIS

Defendant's first complaint is that—during his opening statement—the prosecutor improperly displayed exhibits that had not yet been admitted. The challenged exhibits included an aerial map of Aluminum Blanking, still photographs extracted from surveillance and police cameras, photographs of shell casings, the recovered firearm, and the window of the shipping office at Aluminum Blanking.

When evaluating allegations of prosecutorial misconduct, the test is whether a defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted." *Id.* at 106. "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id*. at 64.

"Opening statement is the appropriate time to state the facts that will be proved at trial." *People v Ericksen*, 288 Mich App 192, 200; 793 NW2d 120 (2010). "A prosecutor may not offer his or her personal belief about the defendant's guilt, but may summarize what he or she thinks the evidence will show." *People v Lane*, 308 Mich App 38, 63; 862 NW2d 446 (2014). Considering the content of the exhibits, the prosecutor reasonably anticipated that this evidence would be admitted. Indeed, each of the exhibits defendant challenges was later admitted as evidence during trial. When referring to the exhibits during opening statement, the prosecutor simply "state[d] the facts that [would] be proved at trial." *Ericksen*, 288 Mich App at 200. To the extent that the prosecutor's display of the aerial map, photos, and sketch could be considered premature, because the exhibits were later admitted into evidence, any error did not affect defendant's substantial rights. Defendant has not identified any visual aid used during the prosecutor's opening statement that was outside the scope of the evidence later presented at trial. Further, defendant does not otherwise challenge the admissibility of the later-admitted exhibits. Defendant also cites no precedential or persuasive authority to support his assertion that a prosecutor is prohibited from using visual aids during opening statement. Accordingly, the prosecutor's use of the challenged visual aids during opening statement was not erroneous.

Defendant also complains that the prosecutor committed misconduct by referring to the firearm recovered from defendant as an "AK-47," when evidence introduced later at trial established that the weapon was not an AK-47. We disagree that the prosecutor's terminology was improper. An expert in firearm and toolmark identification explained that the gun recovered from defendant was an Egyptian-made Maadi MISR-90 semiautomatic rifle. The witness agreed

that the weapon "[t]echnically . . . is not an AK-47," but stated that a "general term for a gun that looks like this is considered . . . an AK-47-looking, you know, similar type firearm." Another expert in firearm and toolmark identification explained that the recovered Maadi semiautomatic rifle is "a variant of an AK-47." Given this testimony, defendant has not demonstrated that the prosecutor's reference to the firearm as an "AK-47" in opening statement was plain error.

Indeed, the record discloses that defendant, who represented himself at trial, occasionally referred to the firearm as an AK-47 when questioning witnesses at trial. Further, defendant fails to explain how the prosecutor's description of the semiautomatic firearm as an AK-47, instead of a Maadi semiautomatic rifle, had any impact on the trial or his convictions. Defendant's defense was that he was misidentified as the perpetrator, and that there was no evidence that the acts were premeditated. No part of his defense had anything to do with the firearm's technical name. In other words, whether the firearm was technically an AK-47 semiautomatic rifle or a Maadi semiautomatic rifle had no bearing on defendant's identity as the person who fatally shot Perez, shot at two officers with the firearm, and pointed the rifle at a third officer, or the issue of defendant's intent. Accordingly, defendant has not shown that the prosecutor's description of the semiautomatic rifle as an AK-47 during opening statement was a plain error that affected his substantial rights.

Finally, in its final instructions, the trial court instructed the jury that the lawyers' statements were not evidence, the jury was to decide the case only on the basis of the properly admitted evidence, and the jury was to follow the court's instructions. Jurors are presumed to have followed their instructions, *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011), and defendant has not provided any basis for concluding that the jurors failed to do so in this case. Thus, the trial court's instructions sufficiently dispelled any possible prejudice arising from the terminology used by the prosecutor, and thereby protected defendant's substantial rights. *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001).

## III. ADMISSION OF EVIDENCE

Defendant also argues that the trial court abused its discretion by permitting the prosecutor to present evidence of defendant's criminal activity associated with his offenses in Wayne County earlier in the day on February 1, 2018, for which he was not on trial. Defendant argues that this evidence was inadmissible under MRE 404(b)(1). We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

To preserve an issue regarding a trial court's evidentiary ruling, a defendant must raise that particular issue in the trial court and raise the same basis for objection on appeal. *People v Gaines*, 306 Mich App 289, 306; 856 NW2d 222 (2014). Defendant objected to the admission of this evidence at trial on the same grounds that he now raises on appeal. Thus, the issue is preserved.

This Court "review[s] for an abuse of discretion a trial court's decision to admit or exclude evidence," and reviews any preliminary legal questions of law de novo. *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). Preliminary questions of law require a court to determine "whether a rule of evidence or statute precludes admissibility of the evidence." *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "An abuse of discretion occurs when the court chooses

an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). "[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Cameron*, 291 Mich App 599, 608; 806 NW2d 371 (2011) (quotation marks and citation omitted).

## B. ANALYSIS

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *People v Martzke*, 251 Mich App 282, 293; 651 NW2d 490 (2002) (citation and quotation marks omitted). "Under this broad definition, evidence is admissible if it is helpful in throwing light on any material point." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001).

Under MRE 403, however, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "MRE 403 does not prohibit prejudicial evidence; rather, it prohibits evidence that is unfairly prejudicial. In essence, evidence is unfairly prejudicial when there exists a danger that marginally probative evidence might be given undue weight by the jury." *People v Dixon-Bey*, 321 Mich App 490, 513; 909 NW2d 458 (2017). Stated differently, unfair prejudice exists if there is "a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury" or "it would be inequitable to allow the proponent of the evidence to use it." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). Unfair prejudice "refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Cameron*, 291 Mich App at 611 (quotation marks and citation omitted).

> "In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving 'the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.' " "[T]he draftsmen intended that the trial judge be given very substantial discretion in 'balancing' probative value on the one hand and 'unfair prejudice' on the other, and that the trial judge should not be reversed simply because an appellate court believes it would have decided the matter otherwise." *People v Head*, 323 Mich App 526, 540-541; 917 NW2d 752 (citations and footnote omitted; alteration in original).

The admission of "other acts" evidence is governed by MRE 404(b).[3] "At its essence, MRE 404(b) is a rule of inclusion, allowing relevant other acts evidence as long as it is not being

---

[3] MRE 404(b) provides, in relevant part:

admitted solely to demonstrate criminal propensity." *Martzke*, 251 Mich App at 289; see also *People v Mardlin*, 487 Mich 609, 615; 790 NW2d 607 (2010) ("the rule is not exclusionary, but is inclusionary"). Although MRE 404(b)(1) prohibits "evidence of other crimes, wrongs, or acts" to prove a defendant's character or propensity to commit the charged crime, it permits such evidence for other purposes, "such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material." *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). Other-acts evidence is admissible under MRE 404(b)(1) if it is (1) offered for a proper purpose, i.e., one other than to prove the defendant's character or propensity to commit the crime, (2) relevant to an issue or fact of consequence at trial, MRE 401, and (3) sufficiently probative to outweigh the danger of unfair prejudice, under MRE 403. *People v Starr*, 457 Mich 490, 496-497; 577 NW2d 673 (1998); *People v VanderVliet*, 444 Mich 52, 55, 63-64, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). Further, although MRE 404(b)(1) provides examples of permissible uses of other-acts evidence, the list is not exhaustive. *People v Watson*, 245 Mich App 572, 576-577; 629 NW2d 411 (2001). The rule permits the admission of evidence of a defendant's other acts for any relevant purpose that "does not risk impermissible inferences of character to conduct." *Id*. at 576 (citation omitted).

The other-acts evidence in this case established that defendant shot and killed his former employer's company dispatcher earlier the same morning as the events in this case, using the same semiautomatic rifle used in this case, and that defendant commandeered a white semitruck from that former employer. Witnesses in this case saw the gunman driving a vehicle with the same description. As such, the other-acts evidence was highly probative of defendant's identity as the perpetrator of the charged offenses. "[I]dentity is an element of every offense." See *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Additionally, the fact that defendant largely based his defense on discrediting the prosecution's evidence of his identity as the perpetrator of the charged offenses enhanced the probative value of the other-acts evidence on this issue.

The challenged evidence was also relevant to show defendant's intent, plan, and motive to kill Perez. Indeed, the other-acts evidence was probative of defendant's premeditated and deliberate plan to kill individuals he knew in a work-related context and had grievances against. The day of the offenses at issue, defendant fatally shot the company dispatcher at the trucking company in Taylor where he formerly worked. He then commandeered a truck from that location, which he used to drive directly to Pontiac where he fatally shot Perez—who checked in truck drivers at Aluminum Blanking. Defendant then drove to a third location, Assured Carriers, at which while carrying a gun he searched for his former manager. This evidence was relevant to the prosecution's theory that defendant formed a plan to seek revenge on February 1 against former

---

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

employers or coworkers with whom he had disagreements by shooting them, and thus acted with premeditation and deliberation when he went to the trucking company with a weapon that day and shot Perez. First-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *People v Ortiz*, 249 Mich App 297, 301; 642 NW2d 417 (2001). Additionally, "the defendant's actions before the killing" are factors that may be considered to establish premeditation. *People v Walker*, 330 Mich App 378, 384; 948 NW2d 122 (2019). The evidence of defendant's similar conduct immediately before shooting Perez was probative of his intent at the time he shot Perez, and thus was relevant for a proper, noncharacter purpose in this case.

We likewise reject defendant's argument that the evidence should have been excluded under MRE 403 because it was unfairly prejudicial. As discussed earlier, under MRE 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *Cameron*, 291 Mich App at 610. Defendant's defense—that he was misidentified and the evidence was insufficient to prove premeditation and intent—enhanced the challenged evidence's probative value, which shed light on the likelihood that defendant went to Aluminum Blanking on February 1 with a premeditated plan to shoot and kill Perez. Moreover, the trial court gave a cautionary instruction to the jury, both before the introduction of the other-acts evidence and again in its final instructions, explaining the limited, permissible use of the evidence, thereby limiting any potential for unfair prejudice. As previously noted, jurors are presumed to have followed their instructions. *Breidenbach*, 489 Mich at 13. Thus, the trial court did not abuse its discretion by determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

## IV. CONCLUSION

For the reasons stated in this opinion, we affirm defendant's convictions.

/s/ James Robert Redford
/s/ Stephen L. Borrello
/s/ Jonathan Tukel

-7-