*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SANDERS NICHOLS, JR.,

        Defendant-Appellant.

UNPUBLISHED
January 11, 2024

No. 363395
Eaton Circuit Court
LC No. 2009-020350-FH

Before: BOONSTRA, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of third-degree fleeing and eluding, MCL 257.602a(3)(b), operating a motor vehicle with a suspended license, MCL 257.904(3)(a), operating a motor vehicle without insurance, MCL 500.3102, and unlawful use of a license plate, MCL 257.256. The trial court sentenced defendant as a habitual offender, third offense, MCL 769.11, to a prison term of two to ten years for the fleeing and eluding conviction, with credit for 118 days served.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

At approximately 3:30 a.m. on October 27, 2009, Eaton County Sheriff's Deputy Robert Gillentine was on road patrol in a marked patrol car. Deputy Gillentine observed a Cadillac leave the parking lot of a closed Subway sandwich shop and drive past his patrol car. As it passed, Deputy Gillentine observed that the rear license plate bulb on the Cadillac was unlit. Deputy Gillentine followed the Cadillac. He activated his emergency lights, but the Cadillac did not immediately stop. Deputy Gillentine at first believed that the failure to stop was reasonable, because the vehicles were passing through a construction zone. However, the Cadillac turned onto two other roads and still did not stop. At that point, Deputy Gillentine concluded that the Cadillac was not going to stop, so he activated his siren. Defendant drove on for several minutes, albeit not

---

[1] Defendant was sentenced to time served for his other three convictions, which are not at issue on appeal.

in apparent violation of any other traffic laws, and eventually turned into an apartment complex, where he exited the Cadillac and ran. Deputy Gillentine apprehended him with the assistance of another officer who had arrived in another vehicle. A video recording from Deputy Gillentine's patrol car was played for the jury. The defense theory at trial was that the license plate bulb actually had been functioning and that the license plate was illuminated; further, defendant argued that he was not trying to evade the police, but was instead rushing home to render medical aid to his wife. Defendant testified that he told officers that his wife was having palpitations and shortness of breath and needed medical care.

During closing arguments, the prosecution made the following statements relevant to this appeal:

> All—all I have to do is prove to you that, under the circumstances, where the police officer, in a fully marked vehicle, was trying to stop the defendant and he knows the officer's trying to stop him. He's refusing to obey that order. And the defendant admitted he was refusing to obey it. And he's doing it by trying to flee, to get away, or to avoid being caught. And it happened in an area, at one point, that was at least 35 miles—no—no more than 35 miles an hour. That's what I have to prove for fleeing and eluding.

> Thankfully, it's not a high-speed chase, maybe where people's lives were in danger. But, it doesn't mean that I have to have that additional element. The Legislature hasn't created a minimum speed for fleeing and eluding.

> I want you to think about that and apply the law as Judge—as Judge Osterhaven tells you the elements are. And don't read in anything.

> I don't know what the real facts were regarding his wife.

> You know, the defendant testified and told you his story. He, apparently, gave different, conflicting information the entire time to the deputy at the scene. And we don't have any other additional testimony by his wife, his daugh—his daughter or anybody else to say what the real situation was. I don't know.

> But, his justification for not stopping because of his wife's condition is not a legal excuse for just continuing to drive as he was under the circumstances.

> And Judge Osterhaven's not gonna tell you that there's a I gotta get home because my wife has a defibrillator problem defense.

During rebuttal, the prosecution made the following statements relevant to the issues on appeal:

> If there was a legal problem with the traffic stop, that's a decision for the judge to make. You're not gonna be instructed that you decide not guilty because, oh, there was no reason to stop—for me to stop the defendant. It's a legal issue the court would have the authority to make if it was even brought to the court's attention. But, it's not a jury issue 'cause it's not part of the jury instructions.

Defendant was convicted and sentenced as described. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that the video recording admitted at trial clearly shows that his license plate bulb was illuminated, and that his trial counsel was therefore ineffective for not moving to suppress Deputy Gillentine's testimony on the theory that the traffic stop was invalid. Defendant also argues that trial counsel was also ineffective for failing to move for a mistrial when the trial court sua sponte struck certain testimony it believed to be improper, for failing to object to certain evidence, and for failing to object to some of the prosecutor's commentary during closing argument. We disagree with all of defendant's arguments.

"In order to obtain a new trial because of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that that outcome would have been different." *People v Yeager*, 511 Mich 478, 488; ___ NW2d ___ (2023) (quotation marks and citation omitted). To establish prejudice when asserting ineffective assistance of counsel, a defendant must show a reasonable probability that a different outcome would have resulted if counsel's performance had not been deficient. *People v Heckaman*, 510 Mich 1064, 1064; 981 NW2d 495 (2022), citing *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "The likelihood of a different result must be substantial, not just conceivable." *Harrington v Richter*, 562 US 86, 112; 131 S Ct 770; 178 L Ed 2d 624 (2011). Trial counsel is presumed to have engaged in sound trial strategy, which will not be second-guessed or evaluated with the benefit of hindsight. *People v Urbanski*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359011); slip op at 3. "However, counsel's strategic decisions must be objectively reasonable." *Yeager*, 511 Mich at 488. A defendant bears the burden of establishing factual support for his claims of ineffective assistance. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

This Court denied defendant's motion to remand for an evidentiary hearing, so our review is limited to mistakes apparent from the record. *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003). We may choose to revisit that denial if we determine remand for an evidentiary hearing is warranted. See *People v Smith*, 336 Mich App 79, 100; 969 NW2d 548 (2021). But "remand is not warranted if a defendant fails to demonstrate that further factual development will advance his position . . . or if a defendant fails to identify facts that could provide a basis for relief." *People v Thurmond*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 361302); slip op at 12 (citation omitted).

## A. VIDEO EVIDENCE

Defendant argues that his trial counsel was ineffective for failing to seek the exclusion of Deputy Gillentine's testimony, based on the video recording obtained during discovery and admitted at trial. The premise for this argument is that defendant's license plate bulb was illuminated, so Deputy Gillentine lacked reasonable suspicion to effectuate a traffic stop. Defendant's argument hinges on his assertion that the video recording clearly shows that his license plate bulb was illuminated. We have reviewed the video recording, and we do not agree that it is dispositive as defendant suggests.

Our review of the video recording shows that the Cadillac's license plate appears to have been illuminated by Deputy Gillentine's patrol-car headlights or other lighting seen throughout the duration of the video, even when Deputy Gillentine's spotlight was not on the Cadillac. It is clear from the video that the camera's field of view was limited and only showed areas that were illuminated by Deputy Gillentine's headlights. Because the headlights were illuminating the license plate throughout the video, it is simply not possible to conclude solely from the video recording that the license plate light was either functioning or not functioning. Defendant has therefore not established the factual predicate for this claim of ineffective assistance of counsel, *Hoag*, 460 Mich at 6. Because defendant has not established that the video evidence proved that the license plate light was functioning despite Deputy Gillentine's testimony to the contrary, he has not established that his trial counsel was objectively unreasonable in failing to move to suppress evidence based on Deputy Gillentine's decision to stop defendant's vehicle. *People v Milstead*, 250 Mich App 391, 401; 648 NW2d 648 (2002) (counsel is not required to make futile motions).

## B. DEPUTY GILLENTINE'S TESTIMONY

Defendant also argues that his trial counsel was ineffective for failing to object to portions of Deputy Gillentine's testimony, and for failing to move for a mistrial on the basis of the admission of irrelevant prejudicial evidence. We disagree.

Deputy Gillentine testified that he found the Cadillac suspicious in part because there had recently been a number of "smash-n-grabs" in the area. Although defendant did not object to this testimony, the trial court sua sponte struck that testimony, and later instructed the jury to disregard any evidence that had been stricken. Defendant argues that trial counsel erred by failing to seek a mistrial on the basis of the stricken "smash-n-grab" testimony, arguing that the trial court's exclusion of that evidence emphasized it for the jury. We disagree.

A mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way." *People v Caddell*, 332 Mich App 27, 37; 955 NW2d 488 (2020). An instruction to disregard certain evidence is generally considered sufficient to cure any prejudice from improper testimony. *People v Beesley*, 337 Mich App 50, 59-60; 972 NW2d 294 (2021). Defendant does not articulate any reason why the jury would not have followed a more explicit instruction to disregard the smash-n-grab testimony, and we will not strive to rationalize one on his behalf. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Therefore, there is no basis for us to conclude that a mistrial would have been granted, and counsel was not been ineffective for failing to make a futile motion. *Milstead*, 250 Mich App at 401.

Deputy Gillentine also testified that defendant had outstanding warrants for his arrest, and that defendant had indicated that he had consumed "one beer" earlier in the evening. Defendant argues that this evidence was irrelevant and unduly prejudicial, and that trial counsel was ineffective for not objecting to the evidence. We disagree. The evidence was highly relevant to whether defendant had a reason to flee and elude a law enforcement officer. MRE 401, 402; see also *People v Unger*, 278 Mich App 210, 223; 749 NW2d 272 (2008). It was therefore subject to exclusion only if it was unfairly prejudicial. MRE 403; *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005). MRE 403 provides that otherwise relevant and admissible evidence may be excluded if its "probative value is substantially outweighed by the danger of

unfair prejudice." MRE 403; see also *People v Feezel*, 486 Mich 184, 198; 783 NW2d 67 (2010). Unfairly prejudicial evidence is more than evidence that is damaging to a defendant's case. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995). Any relevant evidence will be damaging to a party's case to some extent; unfair prejudice exists when there is a risk that minimally probative evidence will be given undue or preemptive weight by the jury, *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008), or when the evidence is such that it might "stir the jurors to such passion that they would be swept beyond rational consideration of the defendant's guilt or innocence." *People v Starr*, 457 Mich 490, 503; 577 NW2d 673 (1998).

In this case, defendant offers no explanation for how or why the jury would have given this evidence undue weight, and we will not search for such an explanation on his behalf. *Kelly*, 231 Mich App at 640-641. In any event, we note that Deputy Gillentine testified that defendant had submitted to a preliminary breath test, which indicated that defendant was not under the influence of alcohol. Further, defendant himself testified that he knew he had outstanding warrants for his arrest and that he did not want to stop because he was afraid he would be arrested. We have no basis to conclude that the evidence was given undue or preemptive weight by the jury, *Blackston*, 481 Mich at 462, or otherwise inflamed the jury, *Starr*, 457 Mich at 503. Trial counsel was not ineffective for failing to make a futile objection. *Milstead*, 250 Mich App at 401.

### III. PROSECUTORIAL MISCONDUCT

Defendant argues that the prosecution committed misconduct[2] by impermissibly shifting the burden of proof by arguing that defendant failed to present testimony from his wife or daughter to corroborate his claim that his motivation for failing to stop was to render medical aid. Defendant also argues that the prosecution misstated the law by stating that the lawfulness of the traffic stop was not an issue for the jury to decide. In the alternative, defendant argues that his trial counsel was ineffective for failing to object to the challenged statements. We disagree that the prosecution shifted the burden of proof; further, to the extent the prosecution's isolated statement during rebuttal argument misstated the law, any error was harmless.

Because defendant did not object to the prosecution's statements at trial, this Court reviews such claims "for plain error affecting defendant's substantial rights." *Thurmond*, ___ Mich App at ___; slip op at 9. Plain error affecting substantial rights occurs when a clear or obvious error affected the outcome of the proceedings and either "resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Walker*, 504 Mich 267, 276; 934 NW2d 727 (2019). Otherwise, "[t]he

---

[2] This Court has stated that the term "prosecutorial misconduct" should properly be applied to conduct that is illegal, fraudulent, or in violation of the rules of professional conduct, rather than technical or inadvertent mistakes. *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). In this case, defendant argues that the prosecution committed "clear, flagrant, and ill-intentioned misconduct" in allegedly shifting the burden of proof to defendant. That claim is appropriately characterized as one for prosecutorial misconduct. Although defendant's claim that the prosecution misstated the law could be the sort of technical or inadvertent mistake that is more properly termed a claim for "prosecutorial error," for simplicity's sake we will refer to both of defendant's claims as being for prosecutorial misconduct.

test for prosecutorial error is whether the defendant was denied a fair trial." *Thurmond*, ___ Mich App at ___; slip op at 10. Defendant bears the burden of proving that plain error occurred and that it caused him prejudice. *People v Anderson*, 341 Mich App 272, 279-280; 989 NW2d 832 (2022). Statements by the prosecution must be considered in the context of the entire case and "are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007).

In general, "a prosecutor may not comment on the defendant's failure to present evidence because it is an attempt to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 464; 793 NW2d 712 (2010). However, "if the prosecutor's comments do not burden a defendant's right not to testify, commenting on a defendant's failure to call a witness does not shift the burden of proof." *People v Fields*, 450 Mich 94, 112; 538 NW2d 356 (1995).

> [W]here a defendant testifies at trial or advances, either explicitly or implicitly, an alternate theory of the case that, if true, would exonerate the defendant, comment on the validity of the alternate theory cannot be said to shift the burden of proving innocence to the defendant. Although a defendant has no burden to produce any evidence, once the defendant advances evidence or a theory, argument on the inferences created does not shift the burden of proof. [*Id*. at 115.]

Here, defendant did testify at trial, and, as noted, he advanced the theory that he did not intend to flee and elude Deputy Gillentine because he was actually trying to obtain medical help for his wife. The prosecution was therefore entitled to comment on weaknesses in that theory, including a lack of corroborating or supporting evidence. The prosecution did not shift the burden of proof, under these circumstances, by arguing that defendant's testimony was contradictory and pointing out that he had not provided "any other additional testimony" from his wife or daughter "to say what the real situation was." Defendant has not demonstrated either plain error or that he was prejudiced by his trial counsel's failure to object to the allegedly burden-shifting statements. *Thurmond*, ___ Mich App at ___; slip op at 9; *Milstead*, 250 Mich App at 401.

Defendant also argues that the prosecution misstated the law to the jury. We conclude that any isolated misstatement of the law by the prosecution was harmless.

Defendant notes that the prosecution, during rebuttal, stated that the jury would not be called on to decide whether "there was a legal problem with the traffic stop" or that "there was no reason" for Deputy Gillentine "to stop the defendant." In context, it appears that the prosecution was responding to defendant's theory of the case by pointing out that the jury was not tasked with determining whether the license plate light was functioning or not—in other words, that the jury was not required to specifically find that the license plate light was not functioning in order to convict defendant of fleeing and eluding. The prosecution was correct in that regard. However, to the extent that the prosecution's statement could be interpreted as a indicating that the jury did not need to concern itself with whether or not Deputy Gillentine was "acting in lawful performance of his duty" when he directed defendant to stop his vehicle, such a statement would be a misstatement of the law. See MCL 257.602a(1) ("A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the motor

vehicle, extinguishing the lights of the motor vehicle, or otherwise attempting to flee or elude the officer."). See also *People v Chapo*, 283 Mich App 360, 366; 770 NW2d 68 (2009).

"[A] prosecutor's clear misstatement of the law, if uncorrected, can deprive a defendant of a fair trial." *People v Abraham*, 256 Mich App 265, 275; 662 NW2d 836 (2003). "However, if the trial court correctly instructs the jury on the law, the prosecutor's erroneous legal argument may be cured." *People v Miller*, 326 Mich App 719, 734; 929 NW2d 821 (2019). Here, the trial court instructed the jury that it must consider the law only as given to it by the court, and "[i]f a lawyer says something different about the law, follow what I say." The jury is presumed to have followed this instruction. See *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011). Defendant presents no argument that the jury was improperly instructed or would not have followed its instructions. Defendant has not demonstrated prejudice, and accordingly has not shown either plain error or the ineffective assistance of counsel. *Anderson*, 341 Mich App at 279-280; *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018); *In re MJC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 365616); slip op at 8 (noting that the quantum of proof necessary to establish prejudice for an ineffective-assistance-of-counsel claim is different from that required for plain error, but the same set of facts may preclude a finding of prejudice under either standard).

Affirmed.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle